No. 23,354.

MARY B. ADY, as an Individual and as Administratrix, etc., *Appellee*, v. GEORGE L. ADY, *Appellant*.

SYLLABUS BY THE COURT.

1. ACTION—*To Cancel and Set Aside Contract on Ground of Fraud—Demurrer to Evidence Properly Overruled.* In an action to cancel and set aside, on the ground of fraud, a contract made for the distribution of the estate of a deceased person and to cancel deeds made in pursuance of that contract, it is held that the plaintiff's evidence was sufficient to establish fraud and undue influence and to prove a cause of action in favor of the plaintiff and that the demurrer to the plaintiff's evidence was properly overruled.

2. SAME—*Petition States Cause of Action.* In such an action, the defendant should not be permitted to reap the benefits of his fraud or undue influence where acts which would otherwise amount to a ratification of the contract were performed by the plaintiff under the undue influence of the defendant; and, where the plaintiff conveyed land given to her under the contract but in her petition offers to convey all the property she had received as the court might direct, she is not precluded from maintaining her action to cancel the contract although she might be compelled to account for the proceeds arising from the land sold.

3. SAME—*Evidence Proved Cause of Action in Plaintiff's Favor—No Error in Refusing Further Findings.* This cause was submitted on the plaintiff's evidence which proved a cause of action in her favor; there was no conflicting evidence; a demurrer to the evidence was overruled; and findings of fact were made which did not defeat the plaintiff's right to recover. *Held,* that no error was committed by refusing to make other findings requested by the defendant.

4. SAME—*Petition Stated Cause of Action in Plaintiff's Favor as Administratrix.* The petition stated a cause of action in favor of the plaintiff as administratrix, and there was evidence sufficient to prove that cause of action.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed December 10, 1921. Affirmed.

*Ira C. Snyder,* of Manhattan, and *A. E. Crane,* of Topeka, for the appellant.

*Eugene S. Quinton,* of Topeka, and *C. B. Daughters,* of Manhattan, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Mary B. Ady commenced this action to set aside a contract made by her with the defendant settling their respective interests in the estate of I. L. Ady, deceased, the husband of Mary B. Ady and the father of the defendant, and to set aside deeds made by Mary B. Ady to the defendant in pursuance of that contract. The petition alleged that the execution of the contract and deeds had been procured by the fraud of the defendant. Mary B. Ady, as administratrix of the estate of I. L. Ady, deceased, was joined as plaintiff and asked that all personal property belonging to the estate be placed in the hands of the administratrix. Judgment was rendered in favor of the plaintiff personally and as administratrix. The defendant appeals.

1. The most important question presented arises on an order overruling the defendant's demurrer to the plaintiff's evidence. That evidence tended to prove that I. L. Ady had been married two times before his marriage to plaintiff Mary B. Ady; that his first wife had died; that he had no children by her; that by his second wife, from whom he had been divorced, he had three children, the defendant George L. Ady, Jessie Ady, who died prior to the death of I. L. Ady without children, and Mary Belle Ady, who had prior to the death of I. L. Ady died leaving a daughter named Stella Fisher, who was living at the time of I. L. Ady's death; that, when I. L. Ady married the plaintiff, he told her he had been married twice before, but said he had been divorced from one of his wives, the other one had died, and he had no living children; that the defendant and his sister Jessie visited I. L. Ady during his lifetime, and on these visits and in the presence of the plaintiff, the defendant and his sister called I. L. Ady uncle and he called them nephew and niece; that I. L. Ady died in December, 1919, and the plaintiff immediately telegraphed the defendant; that he attended the burial of his father and stayed at the home of the plaintiff a few days thereafter; that during that time, the defendant told the plaintiff he was the son and only living child of I. L. Ady and said the other children had died without leaving children, and the eighty acres of land in Oklahoma owned by I. L. Ady was not worth more than $500; that the plaintiff believed those statements; that the defendant proposed to the plaintiff that the estate be settled between them without administration; that the plaintiff, believing and relying on

the statements made to her by the defendant, entered into a contract with him attempting to divide the estate between them; that the eighty acres of land in Oklahoma was worth $1,500; that a few days after the contract was made, the defendant informed the plaintiff of the existence of Stella Fisher and said her interest should be purchased to close up the estate; that the defendant purchased the interest of Stella Fisher and stated he had paid $750 therefor and demanded of the plaintiff that she pay $375 of that $750; that she paid the $375; that she conveyed to a third person one tract of the land which had been turned over to her in the settlement with the defendant; that the plaintiff did not realize that a fraud had been practiced on her until the papers concerning the transaction with the defendant were examined by her cousin; and that this action was commenced immediately thereafter.

An appellate court does not observe the appearance, mannerisms, and characteristics of the parties to litigation and of the witnesses therein. The plaintiff testified on the trial; the defendant was in the court room; both were observed by the court. From the evidence, including letters written by defendant to the plaintiff, and from what was seen by the court, the following finding of fact was made, which may properly be considered by this court in passing on the demurrer to the evidence:

"18. That the plaintiff is a person of weak and frail physique, and of a timid and retiring nature, never actively engaged in business for herself, and during her life dependent more or less upon and following the advice of others; that she was wholly unacquainted with the schemes of defendant's fraud, credulous, fearful of opposition and antagonism, and at and prior to the execution of the contract in question, and subsequent thereto, was confused in mind by the revelations concerning her deceased husband's family relations; and defendant George L. Ady, being of strong physique, and of a domineering and aggressive personality, took advantage of these weaknesses of the plaintiff, and by his domineering and aggressive and threatening attitude toward said Mary B. Ady, and by his false and fraudulent representations, exercised an undue influence over her, and thereby induced her to execute the said contract of division of property offered in evidence in this case, and thereby induced her to execute the deeds, make payments and carry out the terms of said contract."

When the defendant informed the plaintiff of the existence of Stella Fisher, an alert person would have realized that the defendant had made false statements about the children of I. L. Ady and would have realized that a fraud had been committed. Subsequent to that time, the plaintiff gave the defendant $375 to purchase the

interest of Stella Fisher and conveyed to R. A. Willis a tract of land that had been turned over to her in the settlement with the defendant. The evidence disclosed a most outrageous fraud and established a cause of action in favor of the plaintiff, and unless that evidence disclosed that which prevented the plaintiff's recovery, the demurrer to the evidence was properly overruled. To prevent the plaintiff's recovery, the defendant relies on the acts of the plaintiff in giving $375 with which to purchase the interest of Stella Fisher, and in conveying to R. A. Willis part of the land received by the plaintiff in the settlement. This involves the rules of ratification and rescission. The contract did not concern a sale or exchange of land where the rules of ratification and rescission apply; it concerned a distribution of the estate of a deceased person where, even after such a contract is entered into, all personal property or the proceeds thereof may be gathered together and administration be had under the law (*Whit v. Ray,* 26 N. C. 14), and where the real property may then be sold for the payment of the decedent's debts. In *McHarry v. Irvin's Ex'r,* 85 Ky. 322, the supreme court of that state said:

"Where a family agreement or compromise is entered into in ignorance by one party of material facts which it is the duty of the other side to disclose, it will be set aside at the instance of the party who entered into it in ignorance of the facts." (Syl. ¶ 4.)

(See, also, *Welch v. Lewis et al.,* 104 Ky. 531; *Toomey v. Whitney,* 94 App. Div. [N. Y.] 154.)

The court properly overruled the demurrer to the evidence, and the judgment rendered on that evidence was entirely just and proper.

2. Under six assignments of error, the defendant argues a large number of propositions, many of which, outside the one discussed, may be reduced to the contention that the judgment is contrary to law. This is based on the evidence which tended to show that the plaintiff was informed of the interest of Stella Fisher a few days after the contract was made; that the plaintiff thereafter furnished the money to purchase the interest of Stella Fisher; and that the plaintiff sold and conveyed one of the tracts of land given to her by the contract. In response to this, it should be stated that the evidence showed and the court found that the plaintiff was under the dominating influence of the defendant until a day or two before this action was commenced. In her petition, she offered to convey any

Ady v. Ady.

and all property she had received as the court might direct. In the final distribution of the estate, she may be compelled to bring into court the proceeds of the land sold by her, or account for them. The defendant should not be permitted to reap any benefit from the conduct of the plaintiff that resulted from his fraudulent representations or from his undue influence. The defendant insists, in response to this, that the petition did not allege that the plaintiff was under undue influence. The evidence disclosed and the court found undue influence, and if necessary, this court will consider the petition as amended for the purpose of alleging undue influence.

3. The court made extended findings of fact. The defendant requested other findings, but the court refused to make them. Numerous complaints are made of the refusal to make the findings of fact requested, and other numerous complaints are made of the findings of fact made by the court. There was no conflicting evidence. The action was tried on an amended petition. If the defendant introduced any evidence, it consisted only of the original petition filed by the plaintiff. No change was thereby made in the facts which the evidence tended to prove for the reason that there was no allegation in the original petition contradicting any of the evidence introduced by the plaintiff, although the amended petition abandoned some of the allegations contained in the original petition and set out others in their places. The introduction of the original petition left the cause to be determined on the plaintiff's evidence, from which the court made the findings of fact. The plaintiff's evidence established a cause of action against the defendant, and there is nothing in the findings of fact to defeat that cause of action nor to defeat her right to recover judgment against the defendant. The matter stood for judgment on the evidence of the plaintiff, and that evidence proved a cause of action against the defendant.

4. Objection is made to the judgment in favor of the administratrix. The contention is that the amended petition did not state a cause of action in favor of the administratrix and did not contain any allegations to support the judgment, and that there was no evidence to sustain it. No attack was made on the amended petition, and no objection was made to it. The amended petition alleged that Mary B. Ady had been appointed administratrix of the estate of I. L. Ady, deceased, and alleged that the defendant took charge of and sold certain personal property belonging to the estate for which he received payment and converted the

same to his own use. The evidence tended to prove those facts, and the court found that they existed. Under the circumstances, the petition might be considered amended; however, the court does not consider it necessary to amend the petition. It stated a cause of action in favor of the administratrix.

All complaints have been examined; there is nothing in any of them to warrant further discussion.

The defendant was guilty of a grievous wrong against the plaintiff. The judgment undertook to right that wrong, was eminently just and proper, and is affirmed.