### Farmers' Bank of West Louisville, Kentucky, and Holland National Bank of Holland, Indiana v. American Surety Company of New York.

(Decided October 21, 1924.)

#### Appeal from Daviess Circuit Court.

1. Pleading—Each Alternative Must Present Matter Sufficient to Constitute Cause of Action.—Where petition contains alternative allegations, each alternative must present matter suffcient in law

to constitute cause of action, and, if either alternative does not constitute cause of action, demurrer should be sustained.

2. Executors and Administrators—Petition Construed Against Pleader as Alleging Administrator had Paid Over Property to Distributees.—In creditor's action against administrator's surety, held that petition must be construed against pleader as alleging that administrator had paid over to distributees amount in his hands.

3. Executors and Administrators—Cause of Action Accrues to Distributee Upon Bond Nine Months After Qualification and Limitation then Begins to Run.—Under Ky. Stats., section 3860, cause of action accrues to distributee against administrator upon his bond nine months after his qualification, and limitation runs against him from that time.

4. Executors and Administrators—Action by Creditors Against Surety Held Barred by Laches.—Creditors bringing action against surety of administrator more than nine years after administrator's final settlement were guilty of laches, and could not recover in equity, in view of Ky. Stats., section 3858.

5. Executors and Administrators—Action to Surcharge Final Settlement of Administrator Barred After Five Years.—In view of Ky. Stats., section 3858, final settlement of administrator in county court when confirmed stands until surcharged as porvided by law, and action for this purpose is barred by limitation, unless brought within five years.

AUD & HIGDON, E. B. ANDERSON and WM. D. CURLL for appellants.

CLEMENTS & CLEMENTS, BEN D. RINGO and C. W. WELLS, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On September 26, 1914, C. J. Canady filed his petition in equity in the Daviess circuit court alleging these facts: J. C. Price and W. Q. Adams were a firm doing business under the firm name of Price, Adams & Kirk, and on September 27, 1907, the firm executed to him three notes, each for $1,000.00, payable respectively in four, five and six months from date, and Price and Adams endorsed on each note a writing signed by them guaranteeing the payment of the notes at maturity. The notes were wholly unpaid. Adams died in October, 1909, leaving surviving him his widow, Grace Tinder Adams, and his only child, Creel Tinder Adams, an infant under fourteen years of age.

The widow qualified as administratrix and had an inventory made of the estate, which amounted to about $30,000.00. In February, 1911, she married F. M. Durrance. She then resigned as administratrix and F. M. Durrance was appointed as administrator *de bonis non* and executed bond with the American Surety Company of New York as his surety. She turned over to him the estate unadministered. On November 16, 1911, Durrance filed a partial settlement as administrator *de bonis non,* which was confirmed by the county court. In April, 1913, F. M. Durrance made a final settlement, which was confirmed by the county court, showing that there was left a balance of $6,530.80, and that all the debts against the estate had been paid and that this balance should be divided equally between the mother and daughter. On August 7, 1916, the Farmers' Bank of West Louisville, Kentucky, filed its petition in the Daviess creuit court in which it alleged that W. Q. Adams was indebted to it in the sum of $1,000.00, subject to certain credits, and also owed certain other debts which were unpaid. The two cases were consolidated. The administrator *de bonis non,* the mother and the daughter were made defendants and a settlement of the estate was prayed. The defendants were all nonresidents of the state and were proceeded against by warning order. It was alleged that Durrance had moved to Florida with his wife and stepdaughter soon after he made his settlement in 1913 and had since resided there. The commissioner, to whom the case was referred, filed a report allowing the claims. The report was confirmed and a judgment was entered on April 19, 1919, that the claims allowed by the commissioner were valid claims against the estate. On March 17, 1922, the plaintiffs filed an amended petition in the actions in which they made the American Surety Company party defendant and prayed judgment against it as the surety of F. M. Durrance, administrator *de bonis non,* alleging that his statement in his settlement that the debts had been paid was a fraud and mistake; that he failed to make inquiry or advertise for claims against the estate and did not seek to find out whether or not there were other debts against the estate, and that he had paid over $6,530.80 to his wife and stepdaughter without right or authority, or had kept it himself and left the state for the purpose of hindering and delaying the creditors of Adams in the collection of their debts. They prayed judgment against the surety in his bond for the amount of their debts. The surety

company filed a demurrer to the amended petition, and the court sustained the demurrer and dismissed the action against the surety. The plaintiffs appeal.

Where a petition contains alternative allegations each alternative must present matter sufficient in law to constitute a cause of action, and if either alternative does not constitute a cause of action a demurrer to the pleading should be sustained. Rogers v. McAlister, 151 Ky. 488. Under this rule the pleading must be construed against the pleader and must be held to allege that the administrator *de bonis non* had paid over to the distributees the amount in his hands. It is not alleged that the administrator knew of the claims and no facts are alleged showing that he should have anticipated them. Section 3860, Kentucky Statutes, is in these words:

"A personal representative may distribute the estate of a decedent nine months after qualification."

It is settled that a cause of action accrues to a distributee against the administrator, upon his bond, nine months after his qualification, and that limitation runs against him from that time. Robinson v. Elam, 90 Ky. 300; Baugh v. Baugh, 159 Ky. 320.

The administrator *de bonis non* qualified in February, 1911. When he made his final settlement in 1913, more than two years had elapsed since his qualification and a cause of action had accrued in favor of the distributees against him. The purpose of the statute is to secure the prompt settlement of decedents' estates. If for any reason a distribution cannot be made, the personal representative or distributee or any creditor may bring an action in equity for the settlement of the estate. If the administrator failed to make inquiry or failed to use proper diligence to learn the claims against the estate or by fraud or mistake reported that all of the debts were paid when he made his final settlement in the county court, a cause of action then accrued to the creditors on his bond. The creditors could have sued him as administrator six months after he qualified. They did not bring this action against the surety for more than nine years after his final settlement was made. It is an action in equity. Equity aids the vigilant and not those who have slept on their rights. The petition gives no explanation of the unreasonable delay in bringing the suit. Equity will not enforce stale claims. No facts being alleged explaining the long delay in bringing suit against the surety

in the bond, the circuit court did not err in sustaining the demurrer to the petition on the ground of laches.

Section 3858, Kentucky Statutes, provides:

"Every personal representative shall have his accounts settled, and the settlements and vouchers sustaining the same returned to the county court within two years after he qualifies, and as often thereafter as the court may require, which settlement, when approved by the court, shall be recorded and indexed by the clerk, and the original and the vouchers carefully kept by him in his office."

The final settlement of the administrator in the county court when confirmed, stands until surcharged as provided by law. An action for this purpose is barred by limitation unless brought within five years.

The judgment of the circuit court is affirmed on the single ground of laches, and no other question in the case is decided.

Judgment affirmed.