## Dees' Administrator v. Dees' Executors.

(Decided February 5. 1929.)

E. P. PHILLIPS and R. O. HESTER for appellant.

COLEMAN & LANCASTER, WHEELER & HUGHES, J. C. SPEIGHT, RAINEY T. WELLS, J. E. ROBBINS, J. M. BRUMMAL, J. D. VIA and W. A. BERRY for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

S. H. Dees died on April 16, 1923, without lineal descendants, and the owner of an estate worth about $90,-000 or $100,000. His wife, E. A. Dees, died two or three years before his death. By his will he appointed Jake Myer, Ben Grogan, and his brother-in-law, A. D. Thompson, executors of his estate. They all three qualified. In May, 1923, A. D. Thompson qualified as the administrator of E. A. Dees, there having been no administration on her estate during her husband's lifetime. On May 23, 1923, the executors brought a suit for the construction of the will of S. H. Dees, and a settlement of his estate. On July 2, 1923, Thompson, as administrator of E. A. Dees, filed his cross-petition in that action, asserting a claim of $30,000, as due her estate from S. H. Dees. The other two executors and he agreed on a settlement of the claim at $7,000, which was paid to him, and his cross-petition was dismissed settled. Thompson, on November 13, 1923, resigned as executor of S. H. Dees, and the remaining executors, on December 31, 1923, filed an action in the circuit court for the settlement of their accounts. After this petition was filed the executors and A. D. Thompson, as administrator of E. A. Dees, filed a petition in the county court, showing that they had set-

tled the claim of Mrs. Dees' estate for $7,000, and praying the approval of the county court. The county court on hearing the case, approved the settlement. After this various claims were set up by the devisees in the executors' action, among them the claim that this settlement was unauthorized, and that the estate of the husband in fact owed the estate of the wife nothing. Exceptions were filed to the executor's settlement, in which they were credited by this sum. The exceptions were overruled; the settlement approved. The devisees appealed to this court, and, on the hearing of the case in this court, it was adjudged that only the circuit court could approve the settlement; that the action of the county court in approving it was void, and that the settlement, without the approval of the circuit court, was invalid. The executors were denied credit for the amount paid for this reason, the evidence in the record not being sufficient to sustain the settlement. Trevathan's Exc. v. Dees' Exc., 221 Ky. 409, 298 S. W. 975.

The opinion and mandate of this court were filed in the circuit court. The executors then filed a written report in which they reported this: "It is further reported that when the compromise of the claim of Mrs. Dees against the estate of her husband, S. H. Dees, was entered into, the administrator of Mrs. Dees undertook to secure the executors of S. H. Dees against any loss that might result to the estate of S. H. Dees, or to them as executors of said estate, on account of the payment of the amount agreed upon in said compromise and they now hold securities to protect the said estate and themselves against any loss on account of such settlement."

A. D. Thompson, as executor of E. A. Dees, then filed his amended answer and amended petition, in which he set out the former proceedings, making the opinion of this court a part of it, and also setting out in detail the claim of Mrs. Dees against her husband's estate for $30,000, and praying that it be allowed. The court refused to allow the petition to be filed, and entered judgment distributing the estate to the devisees. Thompson, as administrator of Mrs. Dees, appeals.

While Thompson, as administrator of Mrs. Dees, was not a party to the former appeal and is not bound by that judgment, still the facts upon which that judgment rests entitled him to relief, no less than the judgment would do if he had been a party to it. The execu-

tors were without authority, under section 3882, Kentucky Statutes, to make the settlement unless authorized by the court. The authority of the county court added nothing to the executors' action. The settlement being without authority, neither party was bound by it until approved by the court, and, when it was finally disapproved by this court, the parties stood where they were at the beginning. Thompson is not bound by the judgment of this court, but the undisputed facts show that he is not bound by the settlement, and had a right to disregard it at any time until approved by the court. It has not been approved by the court, and he may disregard it and sue as though that settlement had not been made. This is not an application to set aside a settlement because it was obtained by fraud or duress. In such cases, the party receiving the consideration must return it before he will be awarded relief. The reason is that the settlement in such cases is only voidable, and the party avoiding it must put the other party in statu quo. But this has no application to a settlement which is void. A settlement made by an agent without authority, which is not ratified by his principal, is of no more validity than if it had never been made. 2 C. J. p. 468, sec. 78. The same is true of an executor's settlement when he is not authorized by the proper court to make the settlement. Schmidt v. Martin, 199 Ky. 785, 251 S. W. 999.

The settlement being void, Thompson cannot demand the return of the securities to him which are held by the executors to secure them in the settlement. He has no defense to a demand by them for the return of the $7,000, unless he asserts his original claim. As long as the settlement was not disapproved, he had no reason to assert his claim in the suit, but, it being now adjudged by the court of last resort that the settlement was void, he may have relief from the judgment dismissing his petition settled under section 518 of the Code; for the determination of the court, that the settlement should not be approved, presents the case in an entirely different light from that presented as long as the judgment of the circuit court approving the settlement stood in full force. The ends of justice require a new trial and no final distribution of the estate should be adjudged until the matter is heard. He may be entitled to something, though not entitled to $7,000.

Judgment reversed, and cause remanded for further proceedings consistent herewith.