## Dees' Adm'r v. Dees' Ex'r et al.

(Decided June 6, 1933.)

E. P. PHILLIPS for appellant.
COLEMAN & LANCASTER for S. H. Dees' Ex'r.
J. M. BRUMMAL for Trevathan's Ex'r.
J. E. ROBBINS for E. A. Cortelyou.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

S. H. Dees, a resident of Calloway county, died
testate on the 26th day of April, 1923, possessed of a
large estate. He left no lineal descendants. His wife,
E. A. Dees, died intestate three or four years prior
to his death. J. D. Thompson, a brother of Mrs. Dees,
Ben Grogan, and Jake Mayer were nominated by the
will as executors and qualified as such. Thereafter
J. D. Thompson was appointed and qualified as admin-
istrator of Mrs. E. A. Dees.

In May, 1923, an action was instituted by the ex-
ecutors in the Calloway circuit court asking for a con-
struction of the will and for a settlement of the estate.
J. D. Thompson, administrator of E. A. Dees, filed a
cross-petition, setting up a claim of $30,000 alleged to
be due her estate from S. H. Dees. An agreement was
reached between Thompson and the other two executors
whereby he was paid the sum of $7,000 in full settle-
ment of the claim made on behalf of E. A. Dees' estate,
and the cross-petition was dismissed settled. After this
settlement was made, Thompson resigned as executor,
and thereafter Grogan and Mayer filed an action in the
circuit court for a settlement of their accounts as ex-
ecutors. After this action was instituted, the executors
and Thompson, as administrator, by their petition in the
county court of Calloway county, sought and obtained
that court's approval of the settlement of the admin-
istrator's claim. Exceptions to this and other items
allowed as credits in the executor's settlement were
overruled, but, on appeal to this court, it was held that
only the circuit court could approve the compromise
settlement made between the executors and the admin-
istrator, and that the action of the county court approv-
ing it was void. See Trevathan's Ex'r v. Dees' Ex'rs
et al., 221 Ky. 396, 298 S. W. 975. On return of the
case to the lower court, Thompson as administrator
offered to file an amended answer and cross-petition in
which he set up the former proceedings and a detailed
statement of the claim of Mrs. Dees against the estate
of her husband and asked that it be allowed. The court
refused to permit this pleading to be filed, and entered
judgment directing the distribution of S. H. Dees' es-
tate to the devisees. On appeal of the administrator to
this court, it was held that, since the settlement of the

claim was finally disapproved by the appellate court, the parties stood where they were in the beginning, and that the administrator was entitled to relief under section 518 of the Civil Code of Practice from the judgment wherein his original cross-petition was dismissed settled. See Dees' Adm'r v. Dees' Ex'rs et al., 227 Ky. 670, 13 S. W. (2d) 1025. When the case was again remanded and the mandate filed in the lower court, the answer and cross-petition of the administrator theretofore offered was permitted to be filed.

On final hearing of the issues as completed by subsequent pleading, it was adjudged that J. D. Thompson, administrator of E. A. Dees, recover of the estate of S. H. Dees and of Ben Grogan and Jake Mayer, as his executors, the sum of $3,875, with interest from date of judgment.

In response to a rule issued upon motion of the administrator to show cause why they had not satisfied the judgment, the executors stated that, under the orders of the court, they had disbursed all funds that came into their hands except about $300 which they retained for payment of costs that might be adjudged against them and which sum they held subject to the orders of the court.

Thereupon J. D. Thompson as administrator filed his amended answer, making same a cross-petition against Ben Grogan, Jake Mayer, and E. A. Cortelyou, a nonresident of this state, and E. L. Trevathan, executor of Alice E. Trevathan, and asked that it be treated as a petition against Julia Trevathan. Process for Julia Trevathan was issued to and served upon her in Carlisle county, the county of her residence. In this amended answer, etc., the administrator set out the facts relative to the judgment for $3,875, the rule against the executor and their response thereto, and alleged that no part of the judgment had been paid; that, in order to satisfy the judgment, it would be necessary for the beneficiaries of the estate of S. H. Dees to refund sufficient sums to pay the judgment. The pleading also set up the gift of $19,200 made by S. H. Dees to Jake Mayer in March, 1923, and the gift of bank stock of a value of more than $12,000 made by S. H. Dees to Ben Grogan in April, 1923, and alleged that no valuable consideration passed from the donees to the donor; that at the time the gifts were made the claim of the

654

administrator was a valid, subsisting, and just debt against S. H. Dees, which fact was known both to the beneficiaries and to S. H. Dees, and that said gifts were fraudulent as to the claim of E. A. Dees' estate; that E. A. Cortelyou had received from the estate of S. H. Dees the sum of more than $6,000 as legatee under the will of S. H. Dees, and also sums of more than $10,000 as creditor against the estate. It was further alleged that E. L. Trevathan, as executor of the estate of Alice Trevathan, had received the sum of more than $4,500 for the benefit of the estate of Alice E. Trevathan as a distributee and one of the heirs of S. H. Dees; that Julia Trevathan received from the proceeds of the estate of Alice E. Trevathan the sum of $2,931.03 on some character of claim against Alice E. Trevathan personally, and not against the estate of S. H. Dees, and that she should make contribution of said sum for the satisfaction of the administrator's judgment. A full discussion of the gifts from S. H. Dees to Ben Grogan and Jake Mayer will be found in the case of Trevathan's Executor v. Dees' Executors, supra, wherein the judgment of the lower court holding such gifts to be valid was upheld.

Julia Trevathan filed a special demurrer to this amended answer and cross-petition, and Alice E. Trevathan's executor and Grogan and Mayer interposed general demurrers thereto. The special demurrer was sustained, but the general demurrers were overruled. By their joint and separate answers Ben Grogan and Mayer set out the litigation relative to the alleged gifts made to them by S. H. Dees, and among other things alleged that more than five years had elapsed since the gifts were made and notice thereof came to the heirs and creditors, including the administrator of Mrs. Dees, and they pleaded and relied upon the statute of limitation (Ky. Stats. sec. 2515) as a bar to the administrator's alleged cause of action against them.

In the separate answer of E. L. Trevathan, as executor of Alice Trevathan, it is alleged that Alice E. Trevathan, a resident of Hickman county, died in 1925, and her will was duly admitted to probate; that he was nominated and duly qualified as executor; that in 1929 the Hickman county court issued a rule against him as such executor to show cause why he had not filed an inventory and made the settlement as required by law; that on October 7, 1929, he filed in the clerk's office of

Hickman county an inventory of all the assets of the estate of his decedent, including the net sum of $3,-411.87, which he received from the estate of S. H. Dees under order of the Calloway circuit court, and upon the same day made final settlement before the judge of the Hickman county court, which was filed as required by law, confirmed and ordered to be recorded, and he was thereby released and discharged as such executor. He filed with his answer a copy of his settlement as executor and copies of the orders of the court relative thereto. By reply the administrator alleged in substance that E. L. Trevathan, as executor, procured the rule to be issued against him by the Hickman county court, and made his settlement as executor after paying the claim of Julia Trevathan, his wife, which claim he caused to be made with the fraudulent intent and purpose of defeating the administrator's claim. He asked that the pretended settlement be surcharged, annulled, and set aside and for judgment against the executor as prayed in former pleadings.

The court sustained a special demurrer to the administrator's reply, and, he declining to further plead, the action as to the administrator was dismissed. On final hearing, it was adjudged that J. D. Thompson as administrator recover of E. A. Cortelyou a sum of $3,475, and sustained an attachment as to her on real estate; but further adjudged that Grogan and Mayer had sustained their plea of limitation and denied the administrator's judgment against them.

From so much of the judgment as denied recovery as against Grogan and Mayer, and from so much of the judgment and orders as prevented or denied recovery against Julia Trevathan and E. L. Trevathan as executor of Alice E. Trevathan, the administrator is appealing.

As grounds for reversal, it is argued that the court erred (1) in sustaining the plea of limitation interposed by Grogan and Mayer; (2) in sustaining the general demurrer to the administrator's reply to the answer of E. L. Trevathan, executor; (3) in sustaining the special demurrer of Julia Trevathan.

As already indicated, these gifts were made in the early part of 1923, the administrator's cross-petition attacking these gifts was filed in November, 1929, and the action to settle the estate of S. H. Dees was filed in

May, 1923. The cross-petition itself discloses that more than five years had elapsed between the date of the gifts and the filing of the cross-petition, and not only so, but the record further discloses that knowledge of the gifts was brought to all the heirs, devisees, and parties to the suit, including the administrator, more than five years before the cross-petition was filed; that the five-year statute applies in cases of this character is not called in question, but counsel for appellant contend that the running of the statute was suspended from the time he offered to file his answer setting up his claim against the estate of S. H. Dees until he was permitted to do so under the opinion on a former appeal, and in support of that contention section 2544 of the Statutes is cited. That section provides:

> "In all cases where the doing of an act necessary to save any right or benefit is restrained or suspended by injunction or other lawful restraint, vacancy in office, absence of an officer, or his refusal to act, the time covered by the injunction, restraint, vacancy, absence, or refusal to act, shall not be estimated in the application of any statute of limitations."

It is manifest that this section has no application here, since appellant was not restrained by injunction or any other lawful restraint from asserting his claim against the estate of S. H. Dees, and was not asking any relief against Grogan and Mayer individually because of the gifts. By his cross-petition against them and others he is asserting a new and entirely distinct cause of action. Seeking to avoid the plea of limitation, it is further argued that, because of the settlement made between appellant and the other two executors before he resigned whereby he was paid $7,000 in satisfaction of the claim of the estate of E. A. Dees, they are estopped to plead and rely on the statute. In making this settlement, appellant was acting in a dual capacity, one, as executor of the estate against which the claim was made, and the other as administrator of the estate for which he was making the claim. He knew all that was known to the others, and as a general rule the doctrine of estoppel will not apply, unless the party sought to be estopped knew all the facts and with such knowledge misled the other party to his prejudice. Kenyon Realty Co. v. National Deposit Bank, 140 Ky. 135, 130

S. W. 965, 31 L. R. A. (N. S.) 169; Acme Mills & Elevator Co. v. Johnson, 141 Ky. 718, 133 S. W. 784; Lawson v. First National Bank, 102 S. W. 324, 31 Ky. Law Rep. 318. To sustain the plea of estoppel in the facts and circumstances revealed by the record would require an unwarranted extension of that doctrine.

As to the second ground argued for reversal, it appears from the record that appellant, without superseding, permitted the judgment of the Calloway circuit court ordering distribution of the estate of S. H. Dees to be carried into effect. Appellee E. L. Trevathan received and under the rule issued by the Hickman county court had disbursed all funds coming into his hands from the estate of S. H. Dees, and his settlement had been filed and confirmed by the county court before appellant's cross-petition was filed asking that the settlement be surcharged. Unquestionably the county court of Hickman had exclusive jurisdiction in the matter of the settlement of the accounts of Mrs. Trevathan's executor, and such settlement, when duly made and confirmed, cannot be collaterally attacked, and must stand until surcharged as provided by law. Farmers' Bank v. American Surety Co. of New York, 205 Ky. 177, 265 S. W. 505; Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412. When such settlement is made, any party feeling aggrieved thereby may file exception, and, if dissatisfied with the action of the county court on such exception, may appeal to the circuit court, or may let the settlement be confirmed and approved by the county court without exception and file an action in the circuit court to surcharge it, on the ground of error or fraud, Harper v. Lamb, 202 Ky. 771, 261 S. W. 280, but such action to surcharge should be brought in the county where the settlement was made. It therefore follows that the circuit court of Calloway county was without jurisdiction to surcharge the settlement or to set it aside, and the court did not err in sustaining the demurrer to the reply.

As to the third and last ground, the record discloses that Alice Trevathan resided in Carlisle county and was served with process in that county. The action was dismissed as to Grogan and Mayer, the only defendants who were residents of, and were served with summons in, Calloway county. This proceeding initiated by the cross-petition was not an action to settle

the estate of S. H. Dees, and, if it had been, Julia Treva-than was not a necessary party. It is unnecessary to determine whether she could be joined with the other defendants in an action of this character, since, if she could, the Calloway circuit court lost jurisdiction of her when the action was dismissed as to Grogan and Mayer. In the case of Univerity of Louisville v. Metcalfe, 216 Ky. 339, 287 S. W. 945, 947, 49 A. L. R. 375, it appears that Mrs. Metcalfe instituted an action against the West-ern State Hospital, Dr. Durham, and the University of Louisville, alleging that the remains of her husband who died at the Western State Hospital had been unlawfully shipped by the hospital and Dr. Durham, the superin-tendent thereof, to the University of Louisville at Louis-ville, and placed in a dissecting room, where part of the body had been mutilated by dissecting. On trial of the issues made, the jury found for Dr. Durham, but award-ed damages against the other defendants. After hold-ing that the Western State Hospital was not liable, this court in its opinion said:

"With respect to the University of Louisville the situation is this: In the first paragraph of its answer it challenged the jurisdiction of the court on the ground that it was a nonresident of the county where the action was brought, and had been sum-moned out of the county. Although the hospital was improperly joined, and its demurrer to the petition should have been sustained, yet, as a cause of action was stated against Dr. Durham, one of the local defendants, this was sufficient to give the court jurisdiction until judgment was rendered in his favor. When this occurred the court lost juris-diction of the nonresident (speaking of the county) defendant, University of Louisville"—(citing au-thorities.)

In the light of that case and the authorities therein cited, it is apparent that, even though the court may have been premature in sustaining the special demurrer, such action would have been proper when the case was dismissed as to the local defendants. It therefore fol-lows that this ground is without merit.

For the reasons indicated, the judgment is affirmed.