VIRGINIA S. GROOME v. MRS. R. L. (FRANCES M.) LEATHERWOOD.

(Filed 22 September, 1954.)

**1. Executors and Administrators § 26—**

The discharge of an administratrix by the probate court having jurisdiction raises a presumption that the administratrix has complied with every prerequisite to a valid discharge.

**2. Same: Judgments § 25—**

Ordinarily, a decree of a probate court having jurisdiction is not subject to collateral attack.

**3. Executors and Administrators § 27: Courts § 14—Party may not maintain action in this State challenging decree of foreign probate court.**

Plaintiff's father died in another State leaving real and personal property therein. Plaintiff alleged that defendant administratrix, acting under paper writings purporting to be the last will and testament of plaintiff's father, settled the estate and was discharged by the probate court of such state, but that plaintiff was born subsequent to the execution of said paper writings, and therefore, under the laws of such other state, was entitled to a part of the proceeds of the sale of the real estate and a part of the personal property of the estate. Plaintiff asked for an accounting by defendant administratrix. *Held:* The relief sought involves a challenge to the correctness of the official acts of the administratrix and the order of discharge of the probate court, and demurrer to the jurisdiction of our court was properly sustained. The allegations were insufficient to charge that the administratrix brought funds of the estate into this State and here wrongfully converted such funds to her own use so as to entitle plaintiff to an accounting in a court of equity on the grounds of a personal trust.

APPEAL by plaintiff from *Sink, J.,* March Term, 1954, of SWAIN.

Plaintiff, a resident of Guilford County, North Carolina, instituted this action on 3 July, 1952, in the Superior Court of Swain County, asking for an accounting by the defendant, her mother, a resident of the latter county, in connection with the administration of the estate of plaintiff's deceased father.

The sum and substance of the pertinent allegations in the complaint are set forth in the numbered paragraphs below.

1. That her father died on or about the .... day of May, 1919, a resident of Mercer County, West Virginia; that on 15 May, 1919, two paper writings purporting to be the last will and testament of plaintiff's father, Charles Stump, were admitted to probate in the office of the Clerk of Court in Mercer County at Princeton, West Virginia; that the defendant, Frances M. Stump (now Mrs. R. L. Leatherwood), qualified as the administratrix of the estate of Charles Stump, deceased.

2. One of the probated paper writings was dated 30 March, 1917, and purported to devise to the defendant a one-half interest in certain real estate, situate near Bluestone Junction, in Mercer County, West Virginia. The defendant already owned the other one-half interest in this property. This instrument directed that all the rest and residue of the decedent's estate, both real and personal, should be distributed according to the general laws of descent and distribution as might be applicable at the time of his death, and expressly charged the residuum of his estate with the payment of his debts.

3. That the other paper writing admitted to probate was dated 19 November, 1917, and purported to devise to the defendant the testator's undivided one-half interest in Lot No. 9, Section D, of the John Walters Addition to the City of Bluefield, West Virginia. The defendant also owned the other one-half interest in this property. No other bequest or devise was contained in this instrument.

4. That plaintiff, Virginia S. Groome, was born 13 December, 1917.

5. That on 5 December, 1919, the defendant sold the tract of land devised in the paper writing dated 30 March, 1917, for a consideration of $8,000.00, and executed and delivered a deed purporting to convey a fee simple title thereto, when in fact the plaintiff, a minor child, owned a one-half undivided interest therein subject to the defendant's right of dower.

6. That on 14 February, 1920, the defendant sold the tract of land referred to in the paper writing dated 19 November, 1917, for a consideration of $8,750.00, and executed and delivered a deed purporting to convey a fee simple title therein, when in fact the plaintiff, a minor child, owned a one-fourth undivided interest therein.

7. That on 24 April, 1920, the defendant, as administratrix of the estate of Charles Stump, deceased, filed her final report as such administratrix and was discharged; that there were a number of notes and a $100.00 Liberty Bond listed among the intangible assets of the estate of Charles Stump, totaling $2,955.64, for which no accounting was given by the administratrix; that the administratrix, the defendant in this action, reported to the probate court that she had advanced $5,417.13 in the settlement of the estate of her intestate, and that this advance was made from the proceeds obtained by the sale of real estate devised to her by Charles Stump, deceased.

8. That the defendant wrongfully sold and disposed of the real property referred to in the above paper writings, and has failed and refused to account to the plaintiff for plaintiff's distributive share therein and still refuses to account therefor.

9. Plaintiff alleges that as an after-born child, she is entitled to recover $2,800.40 of the proceeds derived from the first sale of real estate, and

$2,187.50 of the proceeds derived from the sale of the second tract, a total of $4,987.90, and in addition thereto she prays for an accounting by the defendant for the personal property belonging to the estate of Charles Stump, deceased.

10. That the plaintiff did not learn of her inheritance until Sunday following the 4th of July, 1949, or of its value until August, 1949.

The defendant demurred to the complaint on two grounds, the substance of which is as follows:

1. That this court has no jurisdiction of the subject of the action, in that it appears upon the face of the complaint that the plaintiff bottoms her cause of action upon matters pertaining to the administration and settlement of the estate of her father in Mercer County, West Virginia, and that the defendant, as administratrix of such estate, filed her final account and was discharged on 24 April, 1920; and that this court has no jurisdiction to entertain a collateral attack upon such proceedings.

2. That the plaintiff does not allege facts sufficient to state a cause of action, in that it does not appear in the complaint that the defendant conveyed or passed title to any property, in the name of or on behalf of the plaintiff, or that the defendant received any money for or on behalf of the plaintiff that has not been accounted for; and it nowhere appears in the complaint that the defendant has divested the plaintiff of title to any of her property. The demurrer was sustained and the plaintiff appeals, assigning error.

*Howerton & Howerton for appellant.*
*Edwards & Leatherwood for appellee.*

DENNY, J. Apparently the plaintiff did inherit an interest in the estate of her father, Charles Stump, deceased, the extent of which was determinable by the laws of descent and distribution in effect in the State of West Virginia at the time of her father's death. West Virginia Code of 1943, section 4059 (1) and 4060 (2). Whether she still has a right to assert her claim to such inheritance in that State is not presented on this appeal, and if it were, we would be without jurisdiction to adjudicate the matter.

The question presented for determination on this record is whether on the facts alleged the plaintiff is entitled to an order requiring an accounting by the defendant in this jurisdiction with respect to her acts as administratrix of the estate of Charles Stump, deceased, including an accounting of the proceeds realized from the sales of the real estate in which the plaintiff alleges she had an interest and to obtain a judgment for any sum that such an accounting might disclose to be due the plaintiff as an heir and distributee of Charles Stump, deceased, according to the

applicable laws of West Virginia. We do not think the facts alleged are sufficient to give the courts of this State jurisdiction over the subject matter of the purported cause of action, or to authorize them to grant the relief sought.

It would seem impossible to give the plaintiff the relief she seeks without challenging the correctness of the defendant's official acts and reports as administratrix of the estate of Charles Stump, deceased. This is not the proper jurisdiction for that purpose. The complaint discloses that the defendant reported to the probate court that she used $5,471.13 of the proceeds from the sale of the lands in controversy to pay the debts of the estate. The probate court may have taken the advance of that sum of money into consideration in connection with its failure to require an accounting of the personal property belonging to the estate, the value of which, the plaintiff alleges, was only $2,955.64. Moreover, the defendant, as widow of Charles Stump, deceased, also had an interest in the personal property of the estate as a distributee. See Laws of Descent and Distribution, West Virginia Code of 1943, section 4089 (b). In any event, according to the allegations of the complaint, the defendant filed her final account as administratrix of the estate of Charles Stump, deceased, and was discharged on 24 April, 1920. There is a presumption that she complied with every prerequisite to a valid discharge. 21 Am. Jur., Executors and Administrators, section 170, page 467.

Ordinarily, the decrees of probate courts, when acting within the scope of their powers, will be considered and dealt with as orders and decrees of courts of general jurisdiction, and where such courts had jurisdiction over the subject matter of the inquiry, such orders and decrees are not subject to collateral attack. *Fann v. R. R.,* 155 N.C. 136, 71 S.E. 81; *Starnes v. Thompson,* 173 N.C. 466, 92 S.E. 259; *Reynolds v. Cotton Mills,* 177 N.C. 412, 99 S.E. 240; *Edwards v. White,* 180 N.C. 55, 103 S.E. 901; *Hines v. Foundation Co.,* 196 N.C. 322, 145 S.E. 612; *Dees' Adm'r. v. Dees' Executor,* 249 Ky. 650, 61 S.W. 2d 301; *Foster v. Wright* (Mo. App.), 187 S.W. 2d 974; *Schmidt v. Hicks,* 28 Ohio App. 413, 162 N.E. 762; *In re Anderson's Estate,* 157 Ore. 365, 71 P. 2d 1013; Schouler on Wills, Executors and Administrators (6th Ed.), Vol. 4, section 3442, page 2771; 49 C.J.S., Judgments, section 425 (d), page 842. *Cf. Simmons v. Simmons,* 85 W. Va. 25, 100 S.E. 743.

It is said in *Tate v. Norton,* 94 U.S. 746, 24 L. Ed. 222, "The accounts of an administrator settled by the probate court cannot be collaterally attacked or questioned. They are conclusive, unless impeached for fraud or mistake in a direct proceeding in equity, instituted for that purpose."

It is likewise stated in 31 Am. Jur., Judgments, section 572, page 173: "Judgments rendered by probate courts of sister states within the sphere of their jurisdiction have also been regarded as binding upon the courts

of the several states.  This rule has been applied in the case of a decree granting letters testamentary or of administration, or settling the accounts of an administrator or executor."  *Simmons v. Saul,* 138 U.S. 439, 34 L. Ed. 1054.

It is true that ordinarily where a foreign executor or administrator comes within the jurisdiction of the courts of another state, bringing with him funds or property of the trust estate, and wrongfully converts such funds or property to his own use, he may be sued, not in his official capacity, but on the grounds of a personal trust which, under certain circumstances, may make him liable to account to a court of equity.  21 Am. Jur., Executors and Administrators, section 893, page 871, *et seq.*

The allegations in the complaint under consideration, however, are not sufficient to support such an action.  Hence, the ruling of the court below will be upheld.

Affirmed.