## IN THE MATTER OF THE WILL OF SARA B. COX, Deceased.

### (Filed 3 February, 1961.)

**1. Wills § 17—**

A caveat is a proceeding *in rem,* and the will and not the property devised is the *res.*

**2. Same—**

Judgment probating a will in solemn form is a judicial decree and is binding and conclusive like any other judgment, and may be set aside only on the grounds and in accordance with the procedure applicable to the setting aside of judgments generally.

**3. Same:   Judgments §18—**

The correct procedure for parties named in a caveat proceeding to present their contention that they were not in fact parties thereto and had no knowledge of the prior proceedings, is by motion in the cause and not by filing a second caveat, and although the court may, in its discretion, treat the second caveat as a motion in the cause, it is error for the court to submit the issue of *res judicata* to the jury, since the motion raises issues of fact for the determination of the court and not questions of fact for the determination of a jury.

APPEAL by caveators from *Clark, J.,* March Term 1960, of COLUMBUS.

Sara B. Cox, a resident of Columbus County, North Carolina, died on 24 September 1955. A paper writing purporting to be her last will and testament was probated in common form on 26 September 1955.

On 14 November 1955 a caveat was filed to said will by her next of kin, which caveat recited that Winifred B. Fuller and Bernard J. Baggett and others were appearing as caveators in the caveat proceeding.

This proceeding was set for trial at the November Term 1956 of the Superor Court of Columbus County. During the course of the trial, the parties agreed upon a settlement of the case but the issue of *devisavit vel non* was submitted to the jury and answered in favor

of the propounders. Judgment was entered ordering the will admitted to probate in solemn form.

There is nothing in the record or briefs tending to reveal the nature of the agreement pursuant to which the estate was settled or the manner in which it was distributed or to whom it was distributed.

On 3 March 1958, Winifred B. Fuller and Bernard J. Baggett, who were listed as caveators in the original caveat proceeding, filed a caveat to the will of Sara B. Cox, alleging that they were not parties to the original proceeding and had no knowledge of the same. It was further alleged upon information and belief that at the time of the purported execution of said paper writing the said Sara B. Cox was and had been for a long period of time, by reason of old age, disease, and both mental and physical weakness and infirmity, not capable of executing a last will and testament.

The propounders filed a demurrer to this proceeding. The demurrer was overruled and this Court denied a petition for writ of *certiorari.*

The propounders thereupon filed answer setting up the former judgment as *res judicata* and plead such judgment as a bar to this proceeding. The plea in bar was separately tried and resolved by the jury in favor of the propounders and judgment was entered dismissing the second caveat.

From this judgment the caveators appeal, assigning error.

*Proctor & Proctor; Powell & Powell; D. Jack Hooks; D. F. Mc-Gougan, Jr., for propounder appellees.*

*J. B. Eure; Wilkinson & Ward; Rodman & Rodman; Jordan, Wright, Henson & Nichols; William D. Caffrey for caveator appellants.*

DENNY, J.　A caveat is an in *rem* proceeding. G.S. 31-32. It is an attack upon the validity of the instrument purporting to be a will. The will and not the property devised is the *res* involved in the litigation. *Whitehurst v. Abbott,* 225 N.C. 1, 33 S.E. 2d 129.

In *Mills v. Mills,* 195 N.C. 595, 143 S.E. 130, the will involved was probated in common form and thereafter caveated and the issue of *devisavit vel non* was answered in the affirmative. The Court entered judgment ordering the will admitted to probate in solemn form. In this case, citation was issued to the three executors of the will, who were legatees thereunder, but no citation or notice whatsoever was given to the heirs at law of the testatrix. This court said: "It is obvious from the judgment and agreed statement of facts that the heirs at law of testatrix under the authorities were not made parties to the caveat proceedings by citation, nor does it

appear that they were cognizant of the proceedings or charged with knowledge that the devisees in the will had taken possession of the property thereunder. Under these circumstances they · are not estopped to file a second caveat." *Bailey v. McLain,* 215 N.C. 150, 1 S.E. 2d 372; *In re Will of Brock,* 229 N.C. 482, 50 S.E. 2d 555.

It was conceded in the *Mills* case in an agreed statement of facts, that the heirs at law had not been cited and had no actual knowledge of the caveat proceedings. However, in the instant case, the very question attempted to be determined in the court below was whether the caveators herein were parties to or had knowledge of the prior caveat proceedings. It was admitted the original caveat was filed and determined in favor of the propounders of the will.

It seems clear under our decisions that a second caveat was not the proper procedure to raise and determine this question of fact, but the heirs not cited and who had no knowledge of the prior caveat should have made a motion in the original cause to set aside the judgment entered therein as to them, and if successful in having the judgment set aside, then to file a second caveat to set aside the will upon the grounds alleged in their caveat.

In Freeman on Judgments, 5th Ed., Vol. I, page 418, *et seq.,* it is said: "Assuming the power exists, the grounds upon which a decree probating a will may be set aside, except in so far as they may be affected by statute, or the nature of the case, are in general the same as those available against other judgments. * * *

"The proceedings for relief must be taken in the court in which the will was probated * * *. The procedure employed in this class of cases follows the rules governing judgments generally in similar cases, except as it may be affected by some special statutory provision, both as to the nature of the application and the time within which it should be made. * * * (N)or should the application be made by filing a caveat, but is ordinarily by motion or its equivalent rather than by petition, though as to this matter necessary showing may be proper. * * *"

In the case of *Groome v. Leatherwood,* 240 N.C. 573, 83 S.E. 2d 536, this Court said: "Ordinarily, the decrees of probate courts, when acting within the scope of their powers, will be considered and dealt with as orders and decrees of courts of general jurisdiction, and where such courts had jurisdiction over the subject matter of the inquiry, such orders and decrees are not subject to collateral attack. (Citations omitted.)"

In *Coker v. Coker,* 224 N.C. 450, 31 S.E. 2d 364, the testator died, leaving a paper writing purporting to be a will, in which he devised all his property to his wife. He had no children. Plaintiffs, collateral

heirs at law, filed a caveat. It appears that the caveators offered no evidence and that it was agreed that the issue of *devisavit vel non* should be submitted to the jury without objection by the caveators.

The plaintiffs instituted a second action, alleging that they never authorized the submission of the issue of *devisavit vel non* to the jury without presenting their evidence. In the second cause of action they undertook to assert two separate alleged causes of action: (1) in ejectment, and (2) to set aside the verdict and judgment in the caveat proceeding. When the matter came on for hearing, the trial judge treated the second cause of action as a motion in the cause and, upon the facts presented, refused to set aside the judgment in the former caveat proceedings. On appeal to this Court, *Barnhill, J.,* later *C.J.,* speaking for the Court, said: "Plaintiffs, in their second cause of action, seek to attack the former judgment by independent action rather than by motion in the original cause. On the facts alleged their remedy, if any, is by motion in the cause. (Citations omitted.) The court below, rather than dismiss, treated it as such. This was permissible. *Finance Co. v. Trust Co.,* 213 N.C. 369, 196 S.E. 340, and cases cited.

"Being a motion to set aside the former judgment, the evidence raised questions of fact for the court to decide and not issues of fact for the jury. *Cleve v. Adams,* 222 N.C. 211, 22 S.E. 2d 567."

In *Cleve v. Adams, supra,* this Court said: "The motion made in the original action to set aside the judgment * * * presented questions of fact and not issues of fact. It was for the judge to hear the evidence, find the facts and render judgment thereon. *Monroe v. Niven,* 221 N.C. 362 (20 S.E. 2d 311), and cases cited."

The court below might have treated the prayer to set aside the probate in common and solemn form as a motion in the cause and proceeded to dispose of it as such, but it did not do so. *Simmons v. Box Co.,* 148 N.C. 344, 62 S.E. 435; *Craddock v. Brinkley,* 177 N.C. 125, 98 S.E. 280; *Fowler v. Fowler,* 190 N.C. 536, 130 S.E. 315; *Menzel v. Menzel & Williams v. Blades,* 250 N.C. 649, 110 S.E. 2d 333. In this there was error.

Since the probate of a will in solemn form concludes all heirs and distributees who were cited, or who had knowledge of the proceeding and an opportunity to be heard therein, in our opinion, all the next of kin of Sara B. Cox who participated in the original caveat proceeding and the compromise referred to in connection therewith, should be bound thereby, and the judgment in such proceeding will remain binding as to them. If it should be established that the caveators herein, to wit, Winifred B. Fuller and Bernard J. Baggett, were not cited or given any notice whatsoever with respect to the

original caveat proceeding and had no knowledge thereof, then as to them the judgment should be set aside and they should have an opportunity to set the will aside on the grounds alleged in the second caveat.

In *In re Sanderson's Estate,* 157 Misc. 473, 283 N.Y.S. 781, it is said: "Every decree of a surrogate's court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained. (Citations omitted.)

"Upon the opening of a decree in a proceeding for re-probate, therefore, the only persons, who may avail themselves of the added opportunity to be heard, are those who were not cited in the original proceeding and who are, therefore, not bound by the adjudication made therein. (Citations omitted.) The proceeding for probate is one in rem. (Citations omitted.) As to all parties to such a proceeding in rem, the adjudication made is conclusive and binding, except upon appeal. * * *

" * * * (T)he order * * * reopening the decree in respect to the unserved parties meant exactly what it said, namely, that it was 'without prejudice to any of the proceedings heretofore had herein,' and under such order no rights were given to nor could be acquired by, a party to the previous proceeding who was bound by that adjudication on ordinary principles of res adjudicata." See also *Security Trust & Savings Bank v. Superior Court,* 21 Cal. App. 2d 551, 69 P 2d 921; *Lewark v. Dodd,* 288 Ill. 80, 123 N.E. 260; *Samson v. Samson,* 64 Cal. 327, 30 P 979; contra, *Byrd v. Riggs,* 211 Ga. 493, 86 S.E. 2d 285.

The verdict and judgment entered below are set aside and the cause remanded for further proceeding in accord with this opinion.

Error and remanded.