JESSIE BAXTER, ELLEN B. BEAM, MADELINE B. MINCEY, G. BLAINE BAXTER, F. HERMAN BAXTER AND BLANCHE B. DUVAL

— v. —

EFFIE LEAH MURRELL JONES, JOE MURRELL, RILEY MURRELL, MRS. JOE WALTER, MRS. CLIFFORD WOODLEY, MRS. GEORGE SCHENOLAL, MRS. WALLY ARROWSMITH, MRS. GEORGE REITER, MRS. LEONA MOWATT, MRS. DENNIS BOKTIN, MRS. MARY BOYD PEARSON, PAUL B. COSTNER AND WIFE, SALLIE A. COSTNER, MILDRED C. CARDWELL, RUTH C. DODENHOFF, DURWARD W. COSTNER AND WIFE, MARJORIE COSTNER, MRS. MARY DELMA B. SEAGLE, ROSA BLACKBURN McDONALD AND HUSBAND, GENE McDONALD, ESSIE PARKS BLACKBURN, MARY L. BLACKBURN GARDNER AND HUSBAND, WILLIAM GARDNER, REV. L. E. BLACKBURN, FRED J. BLACKBURN, SR., AND WIFE, SARA WILFONG BLACKBURN, SAMUEL W. BLACK-BURN, EMILY BLACKBURN DAVIDSON, CHARLES E. BLACK-BURN, MRS. BLANCHE BLACKBURN PRINCE, HUGH WOODROW BLACKBURN, CHESTER BLACKBURN, SHUFORD W. BLACKBURN AND WIFE, OVETA WHITE BLACKBURN, MRS. PHOEBE BLACKBURN WILFONG, DOCIA LEDFORD BOYD, S. J. BOYD AND WIFE, PEARL BOYD, INA B. MIXON AND HUSBAND, M. O. MIXON, JOHN F. BOYD AND WIFE, KATHERINE BOYD, MARY B. HOYLE AND HUSBAND, GUY L. HOYLE, W. G. BOYD AND WIFE, MAE BOYD, BESSIE B. SCHRUM AND HUSBAND, E. E. SCHRUM, BEVERLY B. BOYD AND WIFE, OLA BOYD, ETHEL BOYD, W. EUGENE BOYD, JAMES EDWARD BOYD AND WIFE, NINA BOYD, EARL B. BOYD AND WIFE, PATRICIA BOYD, BEVERLY RICHARD BOYD AND WIFE, BETTY BOYD, RALPH AUGUSTUS BOYD AND WIFE, GLORIA BOYD, ANNIE BOYD STARNES, RUTH BOYD BARKLEY AND HUSBAND, ERNEST FRANKLIN BARKLEY, MARY BOYD SIMMONS AND HUSBAND, W. D. SIMMONS, ETHEL BOYD CREEL AND HUSBAND, ROBERT CREEL, JOHN R. BOYD, RALPH G. BOYD AND WIFE, HELEN BOYD, MARY A. CROWDER AND HUSBAND, R. B. CROWDER, EDITH A. TOMPSON AND HUSBAND, A. A. TOMPSON, THELMA A. OWENS AND HUSBAND, W. J. OWENS, MOZELLE A. WHITE AND HUSBAND, DONALD E. WHITE, MARIDELL B. BANDY AND HUS-BAND, ROBERT B. BANDY, CAROLYN B. CARTER, WOODROW BOYD AND WIFE, DOROTHY BOYD, C. C. BOYD AND WIFE, CORINNE BOYD, PEARL B. THORNTON, MAE B. RITCHIE AND HUSBAND, GUY RITCHIE, D. R. BOYD AND WIFE, ILA T. BOYD, IDA B. RUDI-SILL AND HUSBAND, JASON RUDISILL, ROBERT W. BOYD AND WIFE, JOYCE J. BOYD, IVA S. BOYD, JOE BOYD, HUBERT BOYD, EDWARD BOYD, J. BEN MORROW, ADMINISTRATOR DE BONIS NON OF THE ESTATE OF PEARL BOYD BAXTER, DECEASED, AND ALL UNKNOWN HEIRS OF PEARL BOYD BAXTER, DECEASED, WHOSE NAMES AND RESIDENCES ARE UNKNOWN.

No. 84

(Filed 9 May 1973)

---

Baxter v. Jones

---

**Attorney and Client § 7; Costs § 3; Judgments § 5— insufficiency of writing to create trust — taxing of counsel fees against estate — anticipatory order**

　　In a declaratory judgment action in which it was correctly determined that the paper writing in question was insufficient as a trust instrument and was not executed as a will, the trial judge erred in ordering that plaintiffs' counsel fees should be taxed against decedent's estate upon the completion of all appeals in the action since (1) the action did not involve a caveat or the construction of a trust instrument within the purview of G.S. 6-21 and (2) the trial judge was without authority to enter an anticipatory order that would be binding upon another judge.

APPEAL by defendants from the order entered by *McLean, J.* at the September 11, 1972 Session, GASTON Superior Court. Pursuant to G.S. 7A-31(b)(4) this case was transferred to the Supreme Court by order of March 20, 1973, for the original review prior to determination by the Court of Appeals.

The plaintiffs on September 8, 1970, instituted this proceeding under the Declaratory Judgment Act requesting the court to declare a paper writing dated December 22, 1968, signed by Pearl Boyd Baxter to be a valid trust agreement by which the plaintiffs became the beneficial owners of the properties, both real and personal, belonging to Mrs. Pearl Boyd Baxter.

The plaintiffs are the stepchildren of Mrs. Pearl Boyd Baxter—the children of her deceased husband by his prior marriage. The defendants are the heirs at law and the next of kin of Mrs. Pearl Boyd Baxter. Many of the defendants filed answers denying the material allegations of the complaint. Defendants S. J. Boyd and wife, Pearl Boyd, filed an answer admitting the allegations of the complaint and asked that the court enter judgment "awarding all of the property and estate of Pearl Boyd Baxter, deceased, to the plaintiffs." Certain other defendants failed to appear or to answer.

The cause came on for hearing before Thornburg, J. at the September 13, 1971 Session, Gaston Superior Court. The court entered judgment by default against the defendants who failed to answer and against the Boyds declaring their interest was to be forfeited to the plaintiffs. Judge Thornburg adjudged: (1) The paper writing, Exhibit A, is not sufficient to constitute a trust agreement; (2) the answering defendants are entitled to the estate of Mrs. Baxter; (3) but if the ruling of this court is reversed on appeal, then the court is of the opinion that the motion for summary judgment lodged by the plaintiffs should

be allowed and this court will grant said motion at that time. The judgment included the following: "(e) That the costs of this action including reasonable attorneys' fees to the attorneys for the plaintiffs and the defendants, shall be taxed against the estate of Pearl Boyd Baxter, deceased; said attorneys' fees shall be assessed by the Court upon the completion of all appeals in this action, in such amount as to this Court seems proper." Both parties excepted and appealed from the judgment.

The North Carolina Court of Appeals heard and passed on the appeal. The opinion by Chief Judge Mallard is reported in 14 N.C. App. 296, 188 S.E. 2d 622. The full legal history of the proceeding is contained in that opinion. The Court of Appeals, after striking certain parts of Thornburg's judgment, with respect to other parts, stated: "Although such a ruling is erroneous and is irregular, in this case it is not now prejudicial to the answering defendants because this court has affirmed Judge Thornburg's ruling that 'Exhibit A' did not create a trust. But it should be noted that though a superior court judge is vested with great power, he does not have the power to deny a motion and also to allow it in the same judgment, *or to bind another judge by such a premature anticipatory and conditional ruling.*" (Emphasis added.)

After the decision of the Court of Appeals was certified to the Superior Court of Gaston County, counsel for the plaintiffs filed a petition alleging that they were entitled to $4,000.00 attorneys' fees and to $697.08 expenses incurred in connection with this proceeding. Judge McLean entered an order over defendants' objections awarding fees and expenses as prayed for by the petitioners citing Judge Thornburg's order as his authority. From Judge McLean's judgment awarding counsel fees to plaintiffs' attorneys to be paid by the administrator d.b.n. of Mrs. Baxter's estate, the defendants appealed.

*Basil L. Whitener and Anne M. Lamm for plaintiff appellees.*

*Whitesides and Robinson by Henry M. Whitesides for defendant appellants.*

HIGGINS, Justice.

The case after transfer was called for argument at an hour earlier than that previously fixed for the hearing in the Court of

Appeals. Hence plaintiffs' counsel, through no fault of their own, were not present to participate in the argument before this Court. In order that their rights may not be prejudiced by failure to participate in the oral argument, we have endeavored to conduct a most detailed review of their brief and of the record to the end that facts favorable to the petitioners may not be overlooked.

The record indicates that Mrs. Pearl Boyd Baxter preferred that her property should go to the children of her deceased husband, rather than to her own heirs and distributees. However, beyond legal question, her preference was not carried out in the manner required by law. Exhibit A, a part of the plaintiffs' complaint, and copied in the decision of the Court of Appeals, was not executed as a will and it was not a trust instrument. Such was the hesitating conclusion of Judge Thornburg. It was the emphatic conclusion of the Court of Appeals and is the conclusion of this Court. Exhibit A failed to qualify as a trust instrument.

The foregoing is the background out of which the question now before us arose. Did Judge McLean commit error in awarding plaintiffs counsel fees and directing payment out of Mrs. Baxter's estate? The order of Judge Thornburg directed that the costs, including plaintiffs' attorneys' fees, "[S]hall be taxed against the estate of Pearl Boyd Baxter, deceased; said attorneys' fees shall be assessed by the Court upon the completion of all appeals in this action. . . ." Judge Thornburg did not tax fees; he undertook to direct that a later judge perform that function. The authority of the court to award fees to the attorneys for the losing parties and directing their payment out of the recovery of the winning parties is purely statutory. G.S. 6-21 provides: "Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court; . . . (2) Caveats to wills and any action or proceeding which may require the construction of any will or trust agreement, or fix the rights and duties of parties thereunder; . . ." There follows a provision dealing with attorneys' fees in a caveat proceeding not pertinent here. In a caveat proceeding the question is whether the writing is a will. The proceeding is *in rem*. An *in rem* proceeding is one in which, strictly speaking, there are no parties. *In re Will of Cox*, 254 N.C. 90, 118 S.E. 2d 17. Except as so provided by statute, attorneys' fees are not allowable. *Trust Company v. Schneider*, 235 N.C. 446,

70 S.E. 2d 578. This proceeding is not a caveat. It cannot be said to be a proceeding for the construction of a trust agreement. Unless there is a trust instrument, there is no basis for construction. There must be a trust instrument before any proceeding to construe it may be maintained. All courts—superior, appeals, and this Court—agree that the letter described as Exhibit A is neither a will nor a trust instrument.

Chief Judge Mallard in the opinion of the Court of Appeals properly concluded that Judge Thornburg's judgment was erroneous and irregular and undertook to decree the future right of the parties. Judge Mallard observed that: "[T]hough a superior court judge is vested with great power, he does not have the power to deny a motion and also to allow it in the same judgment, or to bind another judge by such a premature anticipatory and conditional ruling." Observing further, he said: "[A]nd therefore it is improper for such judge to include in his judgment how he would rule on a hypothetical state of facts if presented to him at some future date." Hence, when Judge Thornburg ordered that costs and fees shall be taxed against the estate of Mrs. Baxter upon the completion of all appeals, he was attempting to bind the future judge. The attempt was contrary to both law and rules of practice.

The usual practice in awarding attorneys' fees is to make the award at the end of the litigation when all the work has been done and all the results are known. The petitioners contend the defendants' failure to except to that part of Judge Thornburg's judgment concerning attorneys' fees, became the law of the case and required the future judge at the end of the litigation to award the fees. The contention is not supported by the record. The defendants gave notice and perfected an appeal. The notice of appeal was an exception to the judgment. "An appeal is itself an exception to the judgment and to any matter appearing on the face of the record proper. A sole exception to the judgment or to the signing of the judgment likewise presents the face of the record proper for review." 1 Strong's N. C. Index 2d, Appeal and Error, § 26, citing 24 cases. "Where there is error on the face of the record an appeal presents the matter for review, and the judgment may be modified to conform to legal requirements." *In re Burrus*, 275 N.C. 517, 169 S.E. 2d 879. The anticipatory order of Judge Thornburg was challenged by the appeal and did not become the law of the case,

and did not authorize Judge McLean to order fees paid to plaintiffs' attorneys from Mrs. Baxter's estate.

Judge Clifton L. Moore for this Court in *Little v. Trust Company,* 252 N.C. 229, 113 S.E. 2d 689, stated the rule: "The courts have no jurisdiction to determine matters purely speculative, enter anticipatory judgments, declare social status, deal with theoretical problems, give advisory opinions, answer moot questions, adjudicate academic matters, provide for contingencies which may hereafter rise, or give abstract opinions." Judge Thornburg attempted to tie the hands of the judge presiding at the appropriate time (when all the appeals have been heard) for fixing attorneys' fees. This anticipatory action was beyond his power and not binding on the judge confronted with the question at the time of decision—that is at the end of the trial. That part of the order of Judge Thornburg fixing the fees was interlocutory and entered at a time prior to the decision that Exhibit A was not a trust instrument. At all times the provisions of G.S. 6-21 stood in the way of the right of the court to decree that plaintiffs' counsel should be paid out of the estate for legal services not involving a caveat and not involving the construction of a trust instrument.

Judge McLean was under a misapprehension of the law when he ruled that he was bound by the order of Judge Thornburg. Judge McLean's order was neither required by Judge Thornburg's anticipatory decision nor authorized by G.S. 6-21.

The cause is remanded to the Superior Court of Gaston County with direction that Judge McLean's order be

Reversed.