Judge Owsley
delivered the opinion.
This was an action brought by the administrators of Lo-» gan, to recover from the executors of Troutman and the administrator of Griffin, the amount of an obligation execu-^ ted by the testator, Troutman, and the intestate, Griffin, to the administrator of Logan.
Several pleas were pleaded; and, among others, each of the defendants pleaded; separately, plene administravil, and issues were joined to the country »n each plea.
To shew that be bad fully administered the estate of his intestate, the administrator of Griffin offered in evidence a copy of a settlement made by him with the county eeurt in relation to the estate of his intestate; but the court being of opinion it was inadmissible, unless accompanied with the vouchers therein referred to, excluded the copy from going in evidence to the jury.
This Court cannot concur with the circuit court in excluding the copy of the settlement. The settlement, no doubt, is not conclusive against any person who was not party or privy thereto; but as the law has conferred upon county CGUrts cognizance of the settlement of decedents’ estates, whenever they may have concluded such a settlement, it must, in all courts, where it may either directly or colate-ra^? conle in question, be considered prima facie true, and without the aid of the original vouchers, by which the settlement is made, admissible evidence. And as the original would be admissible, as it appears to have beett admitted to record in the county court, the copy should have been permitted to go to the jury.
ihe further progress of the cause, the administrator gave ’n evidence, however, the original settlement, together with the vouchers therein referred to — whereupon the plaintiff introduced parol evidence to prove that the admin-istrator had notice of his demand before be paid the open accounts charged in the settlement, and for which he ob *67 tained a credit in his settlement with the county court; but to the admission of the parol evidence the administrator objected, and his objections were overruled by the court.
An , payir g debts óf an inferior detFce’ outstanding' demand of superior ⅜-Pe<? !s ,gui!' ⅛,⅛,&, sucu no; ice need su^ proved hyps" rot.
^ hasarigl'üó retain⅜ réa-¿je ¡n ¡,⅛⅛ isteiing the evtn. creditors a» Wdi as in£s,nst butess’
The objection to the admission of the parol evidence must have been taken upon the supposition that notice, by suit, of thp existence of a debt of a superior degree, being necessary, in order to charge an administrator, where he mav have exhausted the assets, by the payment of debts of inferior degree. The position, however, cannot be admitted to be correct. It has been said by some authors, that notice by suit, in such a case, is necessary; but the weight of authority maintains a different doctrine. See Toller’s law of Executors, 292, and the authorities there cited, The author of that treatise says, that “it has been asserted that such notice must, be by suit; but it is perfectly clear, (says be) that an executor, if he be by any means apprised of a debt of a higher degree, would not be justified in ex-baustingtbe assets in the discharge of one which is inferí- or; yet unless he had some notice of the former, he incurs no risk by the payment (after a competent time) of the latter.”
It follows, therefore, that the court not only decided correctly in permitting the parol evidence of notice, but, also, properly refused to instruct the jury, upon the further application of tbe administrator, that the law requires notice should have been given him of (he plaintiff’s demand by tbe commencement of suit, to exclude him from the benefit of payments which he had made of other debts though inferior in degree.
In the progress of the cause, the plaintiff’s counsel moved the court, and it accordingly instructed the jury, that the commission, allowed by the county court to the administrator, in the settlement of his accounts for bis services in the management of the estate, should not be retained by him in preference to the plaintiff s. demand.
In so instructing the jury, we think the Court erred. Considering the nature and extent of the estate, the allow-anee mádé to the administrator is neither greater than in justice he deserves, or more than according to the rules of law, and the universal custom of the country, it was pro-pet to allow. Tbe allowance did not exceed five per cent, upon the amount of the assets Which came to the hands of tbe administrator to administer. And we know of no law that forbids ?'» administrar to regain, against debts of *68 specialty, a competent sum to compensate him for his ser*, vices in administering the estate, notwithstanding the assets may be inadequate to the payment of the debts. Neither the duties of the administrator are lessened, nor his claim to compensation diminished, by the debts exceeding the assets; and as his services are performed for the benefr of those who may receive the estate, whether it is paid to creditors or the distributees of the decedent, it is equally just that the administrator should be compensated out of the estate for his services in the administration.
The judgment must be reversed with costs, the cause remanded to the court below, and new proceedings had, not inconsistent with this opinion.