Judge Mills
delivered the Opinion of the Court.
Beady, as the administrator of Bris-Briscoe, had applied to the county court, ami obtained the appointment of commissioners to settle his accounts as administrator.
The commissioners acted, and returned their report to court.
Brady, the guardian for the infant distributees of Briscoe, appeared in court, and objected to the confirmation, approbation, ami recording the report, and offered by his counsel, to show from the lace of the report, and vouchers returned therewith, as well as by other evidence, that the account was erroneous and incorrect, and that the charges were improperly made by the administrator.
The court refused to permit the guardian to be beard, deciding that he had no such right to question the accounts in tisis mode, hut niust apply to the circuit court for redress, and that a report of commissioners, thus made out in good form, should not be questioned, expressing at the same time, au opinion that they could hear objections to the formality of the report, but none to the substance or faerits thereof; and they received and recorded the report; from which decision the guardian appealed.
If the county court had reversed the doctrine by them advanced, and decided they would have heard objections to the substance, and none to the form only, they would have been correct.
It is to the county court atone, that tower is granted to settle the accounts of the executors and administrators, and not to commissioners appointed by them.
Reports of commissioners are of no validity until sanctioned by the court, and are open to the exceptions of either party, and subject to correction.
Accounts of executors and administrators, allowed by tho county courts are prima fa-cie evidence against creditors and dis-tributees ; who must, therefore, be considered as parties thereto.
Mandate,
Mayes and Denny for appellants.
The appointment of commissioners is an expedient adopted by the courts themselves, as a measure of convenience, and despatch, and must have arisen from the practice in. the courts of chancery, of liquidating accounts by commissioners.
After the report is thus made out, it has no validity till sanctioned by the court, and it is open to the exceptions of either party, and all just and legal exceptions ought to be admitted, and -where the court is satkiied that the account is correct, and not before, it ought to be approved, and recorded.
Such accounts have been often held by this court, binding on both creditors and distributees, so far as to be prima facie evidence, although they may not know of them when made. If creditors and dis-tributees are to be affected by the proceeding, they must be considered as parties to it, and have a right to appear, and see that it is rightly conducted; and if the principle is once adopted, that if they do appear, they have no right to be heard on the merits, and yet be affected by the evidence, the consequences would be monstrous. Indeed owing to the hurry of business in county courts, their change of justices holding the court, even within the same hour, and the exparte manner, in which administrators and executors may proceed with their accounts, no doubt many erroneous and fraudulent accounts may escape the ordeal, and the courts therefore ought not to throw barriers in the way, of investigating the merits of the proceeding, and to shut out tiie means of detecting such improper charges.
The order approving and recording the report is reversed and set aside with costs, and the proceedings remanded, with directions to that court to permit the guardian to be heard in opposition to the account reported, before the court approve or reject it.