103 127
112 531

103   127
f136   353

CASE 16—PETITION EQUITY—FEBRUARY 4.

## Turley's Administrator v. Barnes, Etc.

## Same v. Same.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. SETTLEMENTS OF FIDUCIARIES IN COUNTY COURTS—APPEALS FROM— EQUITY JURISDICTION.—No appeal lies from an order of the county court confirming a settlement with a fiduciary where no formal written exceptions were filed to the settlement, such order not being a final order; and the fiduciary may thereafter bring his equitable action in the circuit court to surcharge and correct the errors in that settlement.

H. B. KINSOLVING FOR APPELLANT.

1. Personal representatives are liable for the management of their trusts as bailees and agents are generally, and must answer, and only answer, for such losses as are occasioned by actual or constructive negligence, or wilful misconduct; in this case the allegations of the petition conclusively negative the existence of any single element of negligence, actual or constructive. Vol. 2, Leading Cases in Equity, 1791; Tuggle v. Gilbert, 1 Duval, 340; Henning v. Jones, 12 Bush, 504; Philadelphia Finance Co. v. The Estate of Law, L. R. A., vol. 14, 103; Faunstock's Appeal, 104 Penn., 46; Commonwealth v. McAllister. 28 Pa., 486; Reese v. Berington. 2 White and T. Leading Cases. 986.

2. Settlements by county courts of the accounts of fiduciaries are only *prima facie,* and may be surcharged in chancery by proper proceedings and purged of all errors where they were not contested in the county court. Scott's Heirs v. Kennedy's Executor, 12 B.

M., 516; Frazier v. Kavanaugh, Administrator, 4 Ky. Law Rep., 712; Bell v. Henshaw's Executor, 91 Ky., 430.

3. But this is not an action to surcharge the settlement, but an equitable action by the administrator against all of the heirs seeking equitable relief against all of them, according to their respective interests, from a *prima facie* liability against him raised by the settlements charging him with admitted assets, but all of which had, before he was allowed by the county court to make his settlement, been placed beyond his control without fault upon his part.

W. H. HOLT ON SAME SIDE.

1. A personal representative is not liable for the money lost which he had deposited in bank where he acts in good faith and the bank was in good repute. 7 Am. & Eng. Enc. of Law, 350, and authorities there cited.

2. The settlement in the county court was only *prima facie* and added nothing to the liability of appellant for the funds lost without his neglect; it was not a judgment and did not fix his liability, and he could not have appealed therefrom, and therefore such settlement may be surcharged in chancery. Scott's Heirs v. Kennedy's Executor, 12 B. M., 415; 4 Ky. Law Rep., 712; Bell v. Henshaw's Executor, 91 Ky., 430; Brady v. Cooper, 12 Ky. Law Rep., 420.

TYLER & APPERSON FOR APPELLEE.

1. It is alleged in the petitions that appellant in his fiducial capacity made the settlements in the county court in which he was, without his consent and over his protest, charged with the money deposited in the New Farmers Bank, which shows that he not only appeared in the county court but contested the very questions which he is now attempting to make in these actions; having contested the matter in the county court, and it there having been decided against him, his remedy was by appeal. Bell v. Henshaw's Executor, 12 Ky. Law Rep., 675.

2. An injunction to prevent the multiplicity of suits is allowed only when the subject matter of the various litigations, as well as the parties thereto are substantially the same; the pendency of other actions by various persons against a defendant for the same subject matter, affords no ground for such injunction. High on Injunctions, sec. 65.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The parties to the records in these two cases being the same, the petitions being the same except as to the amount in controversy, and the two cases having been heard together and each having been dismissed on special demurrer to the jurisdiction of the court, and the legal question involved being the same in both cases, we will consider them together.

The petition alleges that while appellant was acting as administrator of Mahala Turley and as administrator, with the will annexed, of James Turley, deceased, he made a settlement of his accounts as administrator of each with the county judge of Montgomery county in 1894, in which settlements the county judge, "without his consent and over his protest," charged him in the case of Mahala Turley with the sum of $588.35, and in the case of James Turley with the sum of $2,094.28, which were deposited to his credit as administrator in the New Farmers' Bank of Mt. Sterling, at the date of the assignment of the bank on the 26th day of July, 1893. The petition further alleges that the bank is insolvent and that it had paid 40 per cent. to its depositors and would probably pay not more than 55 per cent. in all, making a loss of 45 per cent. of such deposit in each case; that at the time he made these deposits in the bank for safe keeping it was in good repute and regarded as a safe institution; that he believed it to be perfectly solvent and acted in good faith and for what he regarded as the best interest of the heirs at the time the deposits were made. And this suit was brought to falsify and surcharge the county court settlement, and

[9]

asks that it be corrected by allowing him credit for actual loss upon the deposits so made by him, and for a restraining order enjoining the heirs at law from prosecuting suits to recover the balance due them on these items of alleged indebtedness, as shown by the county court settlement, until the case could be heard.

The defendants demurred to the petition on the special ground that the court had no jurisdiction of the subject matter of the action, and the court sustained the demurrer and entered a judgment dissolving the injunction and dismissing the petition; and we are asked upon this appeal to reverse that judgment.

It is urged by appellee that the settlement made in the county court by appellant is *prima facie* correct and enforcible, and that as it appears from the allegations of the petition that he made the settlements complained of in person and was charged, "without his consent and over his protest," with the whole amount of these deposits, that appellant had to litigate these items before the county court and that his remedy for alleged errors in the settlement complained of is by appeal to the circuit court, under the provisions of section 978 of the Kentucky Statutes, which provides:

"Appeals may be taken to the circuit court from all judgments and orders of the county court in the settlement of accounts of personal representatives, assignees, guardians, trustees, curators, and other fiduciaries," and that having failed to prosecute the appeal as pointed out by the statute, he is estopped from maintaining this action to surcharge and falsify the settlements complained of.

By the provisions of article 5, chapter 35, Kentucky Stat-

utes, the county judge is authorized to make settlements with personal representatives, and he is directed to make a report, in writing, of such settlement showing each item of debit and credit and the general result of all the evidence heard and vouchers filed to the county court at its next regular term and noted of record, and section 1067 provides that this report shall lay over one term for exceptions to be filed by any person interested; that if no exceptions are filed by, or at the succeeding term of the court, the report shall if approved, be recorded; that if exceptions are taken, other evidence besides that reported may be heard, and the court shall, upon the whole case reject, alter or confirm the report, and if confirmed order it to be recorded; that any new evidence given in court must be reduced to writing and filed with the report; and that settlements so made shall be *prima facie* evidence between the parties.

In passing upon the question as to whether an order of a county court confirming a settlement, where no exceptions had been filed, was such a final judgment or order as to be the proper subject of revision and reversal by this court on any ground, this court, in the case of Scott's Heirs v. Kennedy's Executor, 12 B. M., 515, said:

"There is in such a case no judicial contest and no judicial decision, but the order of confirmation partakes rather of the character of a ministerial than of a judicial act. Second. There is no final adjudication or determination in favor of one person or against another or upon any question of property or personal rights. Third. The settlement and its confirmation are not conclusive, either upon the parties who may have been interested in opposing it or upon the court

itself, which may order another settlement, in which errors in the first may be corrected. Fourth. It is not conclusive in any other court, but is only *prima facie* evidence, subject to be surcharged and falsified, and may operate rather as a means of preserving evidence, and the preservation of which executors or other fiduciaries are entitled, than as a judgment; and being made by officers under the supervision of the court, it ought to have, and has always had, the effect of *prima facie* evidence, but can always be questioned upon its merits by a bill in chancery."

And in the case of Stanbury's Admr. v. Robinson, 16 Ky. Law. Rep., 310, this court again reviewed this question, referring to the case, *supra*, and held that the order approving the report of settlement made by the county judge and ordering it to be recorded, was not a final order.

In the case at bar, no formal written exceptions were filed to the report made by the judge to the county court of his settlement with appellant, nor was there any contest made in that court as to the validity of the charges complained of, or any judgment rendered passing upon the rights of the parties with reference thereto. And, while we think it clear that if a party in interest shall file written exceptions to a settlement made by a fiduciary, and these exceptions are regularly tried by the county court upon their merits and a judgment entered sustaining or overruling them, the proper remedy to a party who feels aggrieved is by appeal as provided in section 978; yet we do not think that the effect of that statute is to take away from parties who do not file such exceptions or in any way contest in the county court the validity of charges complained of, the right to have

such alleged errors reviewed, by a bill in chancery. Nor is there anything in the opinion in the case of Bell v. Henshaw's Executors, 12 Ky. Law Rep.., 674, which is in conflict with this view. In that case the court says that a devisee or party in interest can not contest a settlement by a fiduciary in both the county and circuit courts, and that when he tests its validity in the county court his remedy is by appeal.

The fact that at the date of the settlement appellant verbally objected to being charged with the full amount of money on hand to his credit in the bank at the time of its failure, was not equivalent to the filing of formal written exceptions to those charges, and the question of his liability for these items was not litigated in the county court. The mere formal entry of the order of confirmation of the settlement, no exceptions having been filed thereto, was not a final judgment conclusive of the rights of the parties from which appeal could be taken, and which precludes appellant from bringing his suit to surcharge and correct the alleged errors in the settlement and to restrain the prosecution of suits for the collection of the balances found to be due by the heirs growing out of such errors.

The judgment is therefore reversed and cause remanded for proceedings consistent herewith.