CASE 70—IN EQUITY—OCTOBER 21.

## Welch v. Lewis, et. al.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. FRAUD—RELEASE PROCURED BY.—In an action by the distributees at law of a decedent against his widow to annul a release of their interest in his estate executed by them to the said widow upon the ground that the widow falsely represented to them that the estate was insolvent, the trial court properly set aside said release upon the ground that while the widow only aimed to state her own financial condition, and not

that of the estate, the circumstances were such as to lead the distributees to understand that she was referring to the financial condition of the decedent and no consideration passed for the execution of the release.

2. ESTOPPEL BY SETTLEMENT IN A COUNTY COURT.—The appellees. are not estopped by their failure to appear before the county judge and object to or resist the settlement made by the administrator; and in an action to surcharge and falsify the settlement made in the county court the release executed by them to her constituted no bar to their recovery.

3. WIDOW'S EXEMPTIONS.—The act of 1894, defining the property rights of married women and widows did not operate to repeal so much of the acts of 1891-2-3 as defined what property should be exempt to the widow from distribution.

4. SAME—CONSTRUCTION OF THE EXEMPTION STATUTE.—Upon the objection of the distributees to an allowance of the sum of $750,. to the widow as exempt under the statutes, it is held that a court of equity in making an equitable settlement may take into consideration the fact that the father of the widow had given her a considerable amount of money which has been invested in the business and that, while that money with its accumulations was legally the property of the husband, yet equitably ˙ she was entitled to a liberal allowance for exemptions.

5. SAME.—Where the articles specifically named in the statute as exempt to the widow are on hand, they shall be set apart to her, not exceeding $750.00.

6. SAME.—If all the articles allowed by the statutes were on hand,. the value of them exceeding $750, yet the widow would be entitled to all of them. It might also happen that all the articles specified in the statute were on hand and not worth $750, and yet she would not be entitled to any more. If, however, any of the articles enumerated in the statute are not on hand, the widow is entitled to other articles of personalty not exceeding in the aggregate $750 worth.

JOHN W. RODMAN FOR APPELLANT.

1. The proof does not sustain the allegations of the petition that the release was procured by fraud.

2. The proof shows that Mrs. Welch was the meritorious cause of the accumulation of the property which constituted the estate of James Welch.

Welch v. Lewis, et al.

3. The transfer to Mrs. Welch constituted a valid gift.    Brown
    v. Brown, 4 B. M., 535; Payne v. Powell, 5 Bush, 248; Roche.
    v. George's Exrs., 13 Ky. Law Rep., 493; 93 Ky., 609; Wed-
    dington v. Meade, &c., 11 Ky. Law Rep., 862; Meriwether v.
    Morrison, 78 Ky., 572; Stephenson's Admr. v. King, 81 Ky.,
    425; Grover's Admr. v. Grover, 35 Am. Dec., 319; Sanborn v.
    Goodhue, 59 Am. Dec., 398; Kent Com., 439; Bond v. Bunting,..
    78 Penn. St., 210.

JOHN L. SCOTT & SON FOR APPELLEES.

1. The proof shows that fraud was practiced by the appellant in
    obtaining the release sought to be set aside. Pom. Eq. Jur.,
    sec. 957; Moline Plow Co. v. Carson, 72 Fed. Rep., 387.
2. Appellees were not guilty of negligence which precluded them
    from suing to set aside the releases. They had a right to rely
    on the statements made by Mrs. Welch. Trimble v. Ward, 17
    Ky. Law Rep., 508.
3. Executed gifts that were obtained by fraud will at the in-
    stance of the donor be adjudged void. Blackstone's Com., chap.
    30, sec. 41, 441; Am. & Eng. Enc. of L., vol. 8, 1310; Talbott v.
    Todd, 5 Dana, 190; Williams v. Dunn, 93 Ill., 511; St. Joseph
    Soc. v. Wolpert, &c., 80 Ky., 86; Taylor v. Taylor, 8 How., 183;
    Caspari v. German Church, 82 Mo., 649; Golding v. Golding,.
    82 Ky., 51.
4. The county court settlement may be surcharged. Scott's heirs v..
    Kennedy, 12 B. M., 510; Bell v. Henshaw's Exrs., 91 Ky., 430.
5. The act of 1894 operated to repeal so much of the act of
    1891-2-3, as provided for the exemption to the widow of certain
    enumerated articles before distribution of the estate.    Act
    March 15, 1894 (Acts 1894, pp. 178, 182).
        Same counsel in a supplemental petition for a rehearing cited
    in support of the fourth point of their original brief, Turley's
    Admr. v. Barnes, &c., 19 Ky. Law Rep., 1808.

S. A. THOMAS, ALSO FOR APPELLEE.

1. The proof showed the fraud complained of. Aaron's Ref. v..
    Tevis, 74 Law Times Rep., 794.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It appears from this record that James Welch died, intestate, in Franklin county, Ky., in August, 1894, leaving a widow, the appellant, Kate Welch, but no children, and that Pat Newman was appointed administrator of the estate of said decedent.  It further appears that on July 26, 1895, Kate Lewis and Ben Lewis, her husband, instituted an action in the Franklin Circuit Court against Kate Welch, Pat Newman, adminstrator of said James Welch, Mollie Driscoll, and John Driscoll, her husband, Annie Connors, and Mike Connors, her husband, and Daniel J. Newman.  It is alleged in the petition: That Kate Lewis and Mollie Driscoll were sisters of said decedent; and that Annie Connors was a niece of said Welch, and Daniel J. Newman was a nephew of said Welch, and the only lawful heirs at law of said Welch: and that the said Kate Lewis, Mollie Driscoll, Annie Conners, and Daniel J. Newman, were entitled, under the laws of descent, to have and receive one-fourth equal part of the estate of said James Welch, after the payment of debts and costs of administration, and said widow was entitled to one-half of the surplus.  That there came to the hands of said Newman, as administrator, $4,075.72 of assets belonging to the estate of said decedent, one-fourth part of which sum, after the payment of debts and costs of administration and the distributable share of said widow, belonged to, and still belongs to, the plaintiff, Kate Lewis, which one-fourth amounts to at least $500.  That, soon after the qualification of said Newman as administrator, these plaintiffs and the defendant, Daniel J. Newman, were ignorant as to the financial condition of the estate left by said decedent; and defendant Kate Welch came to these plaintiffs and the defendant Daniel J. Newman, and, for the purpose of

deceiving plaintiffs and said Daniel Newman, falsely stated and represented to them that she was in financial distress, and that said James Welch left no money, and that his estate was insolvent, and that said Kate Lewis and Daniel J. Newman could never get anything out of said James Welch's estate, that their claims were worthless, that said Kate Welch could not carry on her store or get credit any longer for goods, unless these plaintiffs and said Daniel Newman would sign a paper releasing their claims to any share in said estate, so that she could show said paper to the wholesale merchants in the East, and thereby obtain more goods on credit, and thereby enable her to make a living by continuing the business, each and all of which statements and representations were false, and known to be false at the time by said Kate Welch, and made for the purpose of having Kate Lewis and Daniel Newman rely on same and make and sign said written release; and these plaintiffs and said Daniel Newman, not knowing or suspecting said statements and representations to be false, and having no means of knowing of their falsity, then and there believing, relying, and acting on the supposition that all of said statements were true, and, so believing, signed said written release without any consideration whatever. That, after said release was signed, they learned that all of said statements and representations were made to them for the purpose of inducing them to sign said release, which statements and representations were false and fraudulent; and that thereupon they notified said Pat Newman and said Kate Welch that they repudiated said written release given by them on account of said false representations and without any consideration, and that said release was void, and they still claim to be the lawful own—

ers, and entitled to have and receive, one-fourth of said estate, which notice was given long before the 18th of May, 1895. That, notwithstanding said notice, said Pat Newman thereafter, on the 18th of May, 1895, acting in conjunction with said Kate Welch and in her interest, and thus disregarding all the rights and interest of said Lewis and Newman in said estate in his hands, went before the County Court of Franklin county, and presented said written release to the said County Court, representing same to said court as still binding on these plaintiffs, when they both knew said release was utterly void, and thereby caused said court to make a pretended settlement of said estate, by which settlement the plaintiff Kate Lewis and defendant Daniel Newman were deprived of their entire interest in the estate of said Welch, deceased, and the entire estate was wrongfully and unlawfully ordered to be given to the said Kate Welch. That neither of these plaintiffs nor Daniel Newman entered their appearance in said County Court in connection with said pretended settlement, and neither of them took any part therein, in any way submitting themselves or either of them to the jurisdiction of said court in making the settlement, and neither of them is bound thereby; and plaintiffs now bring this suit for the purpose of surcharging said settlement, and setting it aside, and recovering from said administrator and widow their one-fourth interest in said estate, which amounts to at least $500. That it is true that, after the payment of the debts of said estate and cost of administration, the said widow was entitled to have as her distrubutable share one-half of the remaining surplus, but no more. That said settlement first gives her one-half of said surplus, and then, in addition, gives her $750, which in law, as they are advised, belongs to the other heirs at

law of said decedent, which said $750 erroneously given to said widow is composed of two items, of $144.25 and $605.75, found on second page of settlement. Said settlement also gives the administrator credit for $197 as his commission, and, in addition, gives him credit by $50 as attorney's fee, making in all $247 for the administrator in settling this small estate, which is greatly in excess of the commission allowed by the statute, and pray that this amount be corrected and reduced, and aver that $75 is as much as should be allowed to said administrator for services, including any proper attorney's fee. They pray that said papers of transfer or release be canceled, and held for naught, and not binding on these plaintiffs, and that this case be referred to the master commissioner for settlement, and pray judgment over against Pat Newman and against Kate Welch for $500, with interest, etc. The defendant Daniel J. Newman, by answer and cross petition, substantially made the same averments that were made by the plaintiff in the petition, and united in the same prayer. The answer of the administrator may be treated as a denial of all the averments as to false representations made by the defendant Kate Welch, denied that the settlement made with the county judge is erroneous; and also pleads the fact that he gave all parties in interest notice of his intended settlement, which he made on the 18th of May, 1895, and pleaded and relied on the settlement as a bar to plaintiff's claim. The answer of Kate Welch may be treated as a traverse of all the material averments in the petition of the plaintiffs, as well as in the answer and cross petition of Daniel J. Newman. After the issues were fully made up and proof taken, a judgment was rendered in favor of the appellees, Kate Lewis and Daniel J. Newman, against the appellant, Kate Welch,

for $300 each, with interest from date, and also against
Pat Newman, as administrator, to be made of assets in his
hands unadministered; and, from this judgment, appellant,
Kate Welch, prosecutes this appeal, and the appellees,
Lewis and Newman, have obtained a cross appeal.

It is insisted, for appellant, among other things, that
the testimony does not sustain the averments in the peti-
tion.   It may be true that the testimony in chief does not
fully come up to the averments in the petition; but it
seems to us that the preponderance of the proof conduces
to establish that appellees, Lewis and Newman, were not
aware of the condition of the estate of James Welch at
the time they signed the release.   Allowing the appellees
and appellant to have all testified truly as to what took
place at the time of the assignment, yet it seems reasona-
ble that, while appellant only aimed to state her own
financial condition, the circumstances were such as to
reasonably lead appellees to understand that she was re-
ferring to the condition of the estate of the decedent,
Welch, and, that being true, it would not be equitable to
hold them bound by the release executed, they having re-
ceived no consideration for the execution of the release or
transfer.

We are further of the opinion that the appellees are not
estopped by their failure to appear before the county judge
and object to or resist the settlement made by the admin-
istrator; and taking into consideration all the testimony
introduced, and giving due weight to the opinion of the
chancellor, who may be reasonably presumed to have been
in a condition to properly weigh and determine as to all
the testimony, we are not inclined to reverse the judgment
rendered.

As to the cross appeal of the appellees, we are clearly of

the opinion that the act of 1894 does not repeal so much of the acts of 1891, 1892 and 1893, as gives to the widow certain property as exempt from distribution. But it is further contended for appellees that the court erred in allowing to the appellant $750 worth of property. It is worthy of note that the proof establishes the fact that the father of appellant gave her a considerable amount of money, which was invested in the business, which business seems to have been conducted with profit mainly by the appellant; and while that money, and its accumulations, as a matter of law, became the property of James Welch, yet, in making an equitable settlement, it may not be improper to take that fact into consideration. The statute of distribution specifically provides that certain articles of property, if on hand, shall be set apart to the widow, and, if not on hand, that other property or money, not exceeding a specified amount, shall be allowed in lieu thereof; and it is also provided that the property set apart in lieu of the articles not on hand shall not exceed $750. The pleadings in this case do not specifically point out the errors as to the several species of property set apart to the widow. It does, however, appear that some articles of property were set apart to the widow which the law does not allow her; and it seems to have been the opinion of the appraisers, and perhaps of the court below, that she was certainly entitled to $750 worth. This conclusion is not by any means necessarily correct. If all the articles allowed by the statute were on hand, the value of them might exceed $750, and yet the widow would be entitled to all of them. It might also happen that all the articles specified in the statute were on hand, and not worth $750, and yet she would not be entitled to any more. But, taking the pleadings and evidence in this case alto-

gether, we are of opinion that the judgment of the court below was an equitable settlement of all the matters in dispute. Therefore the judgment on the original appeal is affirmed, and the judgment on the cross appeal is also affirmed.