LOUISVILLE TRUST COMPANY and Citizens Fidelity Bank and Trust Company, Joint Administrators with the Will Annexed of the Estate of John A. O'Brien, deceased,

v.

Patricia R. SMITH.

Civ. A. No. 3218.

United States District Court
W. D. Kentucky,
at Louisville.
March 2, 1961.

R. Lee Blackwell, Bullitt, Dawson & Tarrant, Irvin Marcus, Louisville, Ky., for plaintiffs.

Walter B. Smith, Louisville, Ky., for defendant.

KENT, District Judge.

This action was commenced in the Circuit Court for Jefferson County, Kentucky, Chancery Branch, First Division. It was removed to this Court by the defendant who is the widow of the decedent, John A. O'Brien. John A. O'Brien died on January 1, 1934, leaving more than one testamentary instrument. At the time of his death John A. O'Brien was one of the owners of Edward J. O'Brien & Company. There was a dispute between the defendant, the widow of John A. O'Brien, and members of the O'Brien family as to the validity of the testamentary instruments found after the death of John A. O'Brien; and a further dispute as to the value of his interest in the Edward J. O'Brien & Company; the effectiveness of an insurance trust; and other matters. After extensive negotiations a settlement agreement was entered into between the defendant and the other parties involved. As a result of such settlement the defendant received several hundreds of thousands of dollars. One year and a few months after the settlement agreement had been executed the defendant became dissatisfied and litigation was commenced. In the interim period there have been a number of lawsuits all pointed toward the determination of the issue of fraud in the settlement between the defendant and the other interested relatives and the Administrators. A

list of the cases known to this Court at this time is shown below.[1]

In the course of the years the defendant has used various means to disqualify the Federal Judges in Kentucky, and the writer was designated to hear the cause.

There are before us two motions: plaintiffs' motion for a summary judgment on defendant's original counterclaim, and defendant's motion to file an amended counterclaim.

In essence plaintiffs' motion for a summary judgment on the defendant's original counterclaim is based upon the theory that the defendant is barred, by the statute of limitations and by the rule of res judicata, from raising the

1. (I) Administrators' Suit to Settle Mr. O'Brien's Estate, in Jefferson Circuit Court (Louisville), No. 250,301, Louisville Trust Co. et al. v. Patricia R. O'Brien et al. (February 18, 1937—May 16, 1950):

Reported decisions: Smith v. Burnett, 300 Ky. 249, 188 S.W.2d 480—Mrs. O'Brien-Smith's Original Action in Court of Appeals of Kentucky for Writ of Prohibition against Judge Burnett further proceeding in above Administrator's Settlement Suit; writ denied June 15, 1945;

First Appeal of Administrators' above Settlement Suit, Smith v. Louisville Trust Co. et al., 308 Ky. 189, 213 S.W.2d 987 (June 8, 1948; rehearing denied October 29, 1948);

Second Appeal of Administrators' Settlement Suit, Louisville Trust Co. v. Smith, 313 Ky. 15, 230 S.W.2d 64 (May 16, 1950).

(II) Mrs. O'Brien-Smith's Rescission Suit, to rescind her November 5–15, 1935, Compromise Sale of Mr. O'Brien's partnership interest in E. J. O'Brien & Co., in Jefferson Circuit Court No. 250,536, Patricia R. O'Brien v. Edwin J. O'Brien et al. (March 10, 1937—May 8, 1944):

Reported decisions:

O'Brien v. O'Brien, 294 Ky. 793, 172 S.W.2d 595; S.C. certiorari denied 321 U.S. 767, 64 S.Ct. 518, 88 L.Ed. 1063 (January 31, 1944); rehearing denied 322 U.S. 769, 64 S.Ct. 1052, 88 L.Ed. 1594 (May 8, 1944).

(III) Mrs. O'Brien-Smith's $822,035.04 Damage Suit against Administrators, re her November 5–15, 1935, Compromise Sale of Mr. O'Brien's above partnership interest, in Federal Court (Louisville) No. 870, Patricia R. Smith v. Louisville Trust Co. et al. (March 16, 1945—March 10, 1949):

Reported decisions:

Commonwealth v. Shilladay, 311 Ky. 478, 224 S.W.2d 685—Indictments returned on April 17, 1958 of Accountants [representatives of Arthur Young Company, accounting firm] who audited E. J. O'Brien & Co.'s books for use in the above $822,035.04 Federal Court Damage Suit; law certified November 18, 1949.

Above Damage Suit dismissed on March 10, 1949, without prejudice, upon Mrs. O'Brien-Smith's Motion—after Mrs. O'Brien-Smith filed her Affidavit of Personal Bias (on May 19, 1947), against Judge Shelbourne who disqualified himself (May 29, 1947), and Judge Freed of Cleveland was designated (June 26, 1947) to try case.

(IV) Proceedings in Administrators' Declaratory Judgment and Settlement Suit in Jefferson Circuit Court, No. 313,-655, Louisville Trust Co. et al. v. Patricia R. Smith et al. (March 31, 1949 —March 6, 1951):

Reported decisions:

Smith v. Louisville Trust Co., Ky., 262 S.W.2d 479 (November 20, 1953).

(V) Mrs. O'Brien-Smith's suit to enjoin above Suit No. 313,655, of Administrators for Declaration of Rights and Settlement, Jefferson Circuit Court No. 313,-986, Patricia R. Smith v. Louisville Trust Co. et al. (April 21, 1949—March 6, 1951):

Reported decision:

Smith v. Louisville Trust Co., Ky., 237 S.W.2d 836 (March 6, 1951; rehearing denied April 17, 1951).

(VI) Administrators' Final Settlement of Estate in Jefferson County Court (Louisville), No. 24,146, In re Estate of John A. O'Brien, Deceased, for final settlement of Estate of John A. O'Brien (June 21, 1950—May 1, 1952):

Reported decision:

Smith v. Shamburger, 314 Ky. 850, 238 S.W.2d 844—Mrs. O'Brien-Smith's Original Action in Court of Appeals of Kentucky to stay Judge Shamburger from proceeding in Jefferson County Court for the above final Settlement of John A. O'Brien Estate (January 26, 1951; rehearing denied May 11, 1951).

Mrs. O'Brien-Smith then commenced (October 1, 1951) Removal Proceedings in Federal Court (Louisville), No. 2224, to remove to Federal Court Administrators' Jefferson County Court proceedings for Final Settlement of Mr. O'Brien's Estate; after Judges Shelbourne and Swinford had disqualified themselves to sit.

issues presented by her original counterclaim. The original counterclaim embodies a charge of fraud against the administrators arising out of the original settlement of the rights of the estate in the Edward J. O'Brien & Company. The plaintiffs' objection to the motion for leave to file an amended counterclaim is based upon the statute of limitations and also upon the theory that this Court has no probate jurisdiction which would permit it to consider the amended counterclaim in which the defendant asserts the right to surcharge the account of the plaintiff administrators in the Estate of John A. O'Brien, deceased.

The original action by the administrators is based upon an order of the County Court of Jefferson County, Kentucky which plaintiffs claim settled their final account, creating in them a right to recover from the defendant an amount equal to the approved expenses and fees in excess of the monies in the hands of the administrators. All other funds of the estate have been previously expended in a manner which the plaintiffs claim was approved by the Jefferson County Court, or distributed to the defendant.

Reference to previous litigation will be made only when it is pertinent to the determination of the motions before the Court in this case.

Statutes of Limitations of Kentucky distinguish between different types of actions. The Administrators rely upon § 413.090 Kentucky Revised Statutes (Carroll's Ky.Stats. § 2514):

"413.090 [2514] Action upon judgment, written contract or bond; fifteen year limitation. Except as provided in KRS 413.110, 413.200, 413.210, 413.220, 413.230 and 413.240, the following actions shall be commenced *within fifteen years* after the cause of action first accrued: * * *

"(2) An action upon a recognizance, bond or written contract.

"(3) An action upon the official bond of a * * * personal representative, guardian, committee, or trustee appointed by a court or authority of law.

"(4) An action * * * upon a bond or obligation for the payment of money or property or for the performance of any undertaking."

§ 413.160 Kentucky Revised Statutes (Carroll's Rev.Stats. § 2522):

"413.160 [2522] Actions not provided for by statute; ten year limitation. An action for relief, not provided for by statute, can only be commenced *within ten years* after the cause of action accrued."

§ 413.120 Kentucky Revised Statutes (Carroll's Ky.Stats. §§ 2515, 2518):

"413.120 [2515; 2518] Actions to be brought within five years. The following actions shall be commenced *within five years* after the cause of action accrued: * * *

"(7) An action for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated. * * *

"(12) An action for relief or damages on the ground of fraud or mistake."

§ 413.130 Kentucky Revised Statutes (Carroll's Ky.Stats. §§ 2518, 2519, 2520):

"413.130 [2518; 2519; 2520] When certain actions in KRS 413.120 accrue; regulations for. * *

"(3) In an action for relief or damages for fraud or mistake, referred to in sub-section (12) of KRS 413.120, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake. However, the action shall be commenced *within ten years* after the time of making the contract or the perpetration of the fraud."

and § 413.230 Kentucky Revised Statutes (Carroll's Ky.Stats. § 2550):

"413.230 [2550] Sureties who are discharged after five years. A surety for an executor, administrator, guardian or curator, * * * shall

be discharged from all liability to a distributee, devisee or ward when *five years have elapsed* without suit after the cause of action accrued, and after the devisee, distributee or ward attained full age. * * * ''

Thus it is necessary for the court to determine when the defendant's cause of action for the alleged fraud arose and the nature of the cause of action which she asserts. It must be obvious, from the report of the first litigation, O'Brien v. O'Brien, 294 Ky. 793, 172 S.W.2d 595; S.C. certiorari denied 321 U.S. 767, 64 S.Ct. 518, 88 L.Ed. 1063, in which the defendant pursued her claim against the O'Brien family and the administrators through the Court of Appeals of Kentucky and followed an adverse decision by that court with an application for a Writ of Certiorari to the Supreme Court of the United States, which was denied, that the defendant knew she had or could assert a claim of fraud against the plaintiffs here, at the time she instituted her original action for fraud in 1937 since she claimed fraud on the part of all parties concerned in that case. At page 609 of 172 S.W.2d, the Court of Appeals of Kentucky disposed of the plaintiff's case as follows:

> "In conclusion, it has not been overlooked that the burden rested upon the plaintiff to show a failure to reveal material facts in the settlement, which is essentially to prove fraud and deceit. But the degree of proof in cases of this kind varies inversely with the knowledge of the matters involved and the trust reposed in the other by the party challenging the settlement. Thus where both parties are acquainted with the partnership affairs and neither reposed special confidence in the other, the burden of proof is greater than where one did not have full knowledge of the business and relied upon his partner. In such a case the settlement is deemed less conclusive. Cham-

bers v. Johnston, 180 Ky. 73, 201 S. W. 488; 40 Am.Jur., Partnership, § 131. We have the peculiar situation here of innocence by the challenger of the conditions of the business who, however, had no confidence in the representations of those with whom she was dealing and who had competent and trustworthy counselors. Taking into consideration all these factors as well as the formidable ones mentioned in the beginning concerning the attitude of those with whom the plaintiff had dealt, we are of opinion there was a fair and reasonable settlement and contract of purchase and sale."

The present action was commenced in the Circuit Court for Jefferson County, Kentucky on September 13, 1956. It appears clear to this Court that any claim of fraud against the plaintiffs is barred by Kentucky Revised Statutes, § 413.120, supra, which requires actions for damages on the ground of fraud or mistake to be commenced within five years after the cause of action accrued even though § 413.130 KRS is applied, which section provides that the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake and continues *inter alia:*

> "However, the action shall be commenced *within 10 years* after the time of making the contract or the perpetration of the fraud."

Since the defendant was aware of her claim of fraud in 1937 the action is barred by Kentucky Revised Statutes, § 413.160 which requires that actions not provided for by statute shall be commenced within ten years, and by § 413.-090 KRS which requires actions upon official bonds to be commenced within fifteen years. Clearly, twenty years had passed from the time of Mrs. Smith's discovery of the alleged fraud to the time of the commencement of this action unless she can amend her counterclaim and surcharge the account of the administrators. She cannot sue the ad-

ministrators as principals or as sureties being barred by the statutes previously cited, which allow her only five years after the cause of action accrues.

In the opinion of this Court the original counterclaim filed by the defendant is barred by the Statute of Limitations for the reasons set forth above.

■ In addition the plaintiffs claim that the matters complained of in the defendant's cross-complaint are barred as being res judicata. It being their theory that all the claims of fraud now asserted were disposed of in the original litigation between this defendant, as plaintiff, and the O'Briens and these plaintiffs as defendants, O'Brien v. O'Brien et al., 294 Ky. 793, 172 S.W.2d 595, certiorari denied 321 U.S. 767, 64 S.Ct. 518, 88 L.Ed. 1063. A review of that decision and of the counterclaim in the instant case, supported by the voluminous briefs filed by defendant's counsel, persuades this Court that the rule recently laid down by the Court of Appeals for this Circuit in Davis v. McKinnon & Mooney, 6 Cir., 1959, 266 F.2d 870, 873, supported by other cases to the same effect, Bernhard v. Bank of America National Trust & Savings Association, 19 Cal.2d 807, 122 P.2d 892; and Hays v. Sturgill, 302 Ky. 31, 193 S.W.2d 648, 164 A.L.R. 868, should be applied here:

" * * * Bernhard v. Bank of America National Trust & Savings Association, 19 Cal.2d 807, 122 P.2d 892, gives an excellent discussion of the entire question. The court declares, 122 P.2d at page 894:

"The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. Coca Cola Co. v. Pepsi-Cola Co., supra [6 W.W.Harr. 124, 36 Del. 124, 172 A. 260]. See cases cited in 24 Am. & Eng.Ency., 2d Ed., 731; 15 Cinn.L.Rev. 349, 351; 82 Pa.L.Rev. 871, 872. He is bound by that litigation only if he has been a party thereto or in privity with a party thereto. Ibid. There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation.

"No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend. See 7 Bentham's Works, Bowring's Ed., 171. Many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted. Coca Cola Co. v. Pepsi-Cola Co., supra; Liberty Mutual Ins. Co. v. George Colon & Co., 260 N.Y. 305, 183 N.E. 506; Atkinson v. White, 60 Me. 396; Eagle, etc. Ins. Co. v. Heller, 149 Va. 82, 140 S.E. 314, 57 A.L.R. 490; Jenkins v. Atlantic Coast Line R. Co., 89 S.C. 408, 71 S.E. 1010; United States v. Wexler, D.C., 8 F.2d 880. See Good Health Dairy Products Corp. of Rochester v. Emery, 275 N.Y. 14, 9 N.E.2d 758, 112 A.L.R. 401. The commentators are almost unanimously in accord. 35 Yale L.J. 607; 9 Va.L.Reg. (N.S.) 241; 29 Ill.L.Rev. 93; 18 N.Y.U.L. Q.R. 565, 570; 12 Corn.L.Q. 92. The courts of most jurisdictions have in effect accomplished the same result by recognizing a broad exception to the requirements of mutuality and privity, namely, that they are not necessary where the liability of the defendant asserting the plea of res judicata is dependent upon or derived from the liability of one who was exonerated in an earlier suit brought by the same

plaintiff upon the same facts. See cases cited in 35 Yale L.J. 607, 610; 9 Va.L.Reg. (N.S.) 241, 245–247; 29 Ill.L.Rev. 93, 94; 18 N.Y.U.L.Q. R. 565, 566, 567; 34 C.J. 988, 989. * * * The cases justify this exception on the ground that it would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries." [266 F.2d 873].

The above rule would bar the defendant from asserting the claims set forth in her cross-complaint if the present plaintiffs had not been parties to the original litigation, but the fact is that they were parties to the original litigation and the claims asserted are therefore res judicata. Thus the plaintiffs are entitled to a summary judgment as to the original counterclaim on two grounds: (1) claims asserted are barred by the statute of limitations, and (2) the claims asserted are barred by application of the rule as to res judicata.

■ There remains to be determined whether the defendant should be permitted to file an amended counterclaim surcharging the account of the plaintiffs. It is axiomatic that the District Courts of the United States in such districts as this have no jurisdiction over probate matters. Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256; Harris v. Zion Savings Bank & Trust Co., 317 U.S. 447, 63 S.Ct. 354, 87 L.Ed. 390, 51 Am.Bankr.Rep.,N.S., 825, rehearing denied 318 U.S. 799, 63 S.Ct. 659, 87 L.Ed. 1163; Spears v. Spears, 6 Cir., 1947, 162 F.2d 345, certiorari denied 332 U.S. 768, 68 S.Ct. 78, 92 L.Ed. 353. This is so clear that citations should be unnecessary.

■ The amended counterclaim which defendant desires to file, if heard by this United States District Court would require the Court to determine the accuracy of the accounts filed by the administrators, a function purely probate in nature, confided to the State Courts of Kentucky, and which function this United States District Court is barred from performing under the cases cited above.

■ In any event the right of the defendant to surcharge an account must depend upon whether the account filed was a final account, which it was so labeled and whether the defendant took part in the proceedings in connection with the settlement of that account as required by the Kentucky Statutes. Logan's Administrators v. Troutman's Executor, 3 A.K.Marsh. 66, 10 Ky. 66; Briscoe's Distributees v. Brady, 6 T.B. Mon. 134, 22 Ky. 134; Bell v. Henshaw's Ex'rs, 91 Ky. 430, 15 S.W. 3; Turley's Adm'r v. Barnes, 103 Ky. 127, 44 S.W. 446; Welch v. Lewis et al., 104 Ky. 531, 47 S.W. 454; Harper v. Lamb, 202 Ky. 771, 261 S.W. 280; Dees' Adm'r v. Dees' Ex'r, 249 Ky. 650, 61 S.W.2d 301.

An examination of the file and consideration of the concessions of defendant's counsel, made on the argument of this case, show that the paper labeled "Final Account" filed by the plaintiffs with the Jefferson County Court was filed with the County Court on June 21, 1950. In that account the administrators asked approval of their actions as administrators and requested the County Court to determine, adjudge and fix the fair and reasonable amounts for attorney fees and administrators' compensation. The defendant filed motions for extensions of time within which to file exceptions to the final account which extensions were granted, and objections to consideration of the settlement. The denial of the objections was appealed. Defendant filed a mandamus proceeding in the Kentucky Court of Appeals to restrain the County Court from proceeding with a settlement of the final account; Smith v. Shamburger, 314 Ky. 850, 238 S.W.2d 844; she attempted to remove the settlement proceedings to this United States District Court; she took all possible steps to prevent the settlement of the account, except that she did not file any actual exceptions challenging the propriety of the accounting for receipts and disbursements or the other

actions of the administrators as set forth in the final account. It would appear that she had no objection to such accounting, as such.

On March 5, 1952, the final account was settled and the administrators were discharged and released from further liability under their bonds. This judgment of March 5, 1952, was amended on May 1, 1952, to authorize the administrators to recover from the defendant any over-payments made by the administrators to the defendant. No appeal was taken from this judgment. The judgment and the amendment thereto are set forth in the margin to show the final effect thereof.[2]

2. "Judgment [March 5, 1952]

"This cause came on to be heard upon:

"(1) The prayer of The Louisville Trust Company and Citizens Fidelity Bank & Trust Company, Joint Administrators with the Will annexed of the Estate of John A. O'Brien, deceased [for brevity, hereafter called Administrators], contained in 'Their Account and Final Settlement of the Execution of Their Trust', filed herein June 21, 1950, for (a) The confirmation and approval of their Accounts, and their discharge and release from liability upon their bonds; (b) the determination of their compensation as Administrators, and the fees for the legal services of their counsel; (c) The determination of the validity of, and, if valid, to whom are payable, the bequests in the Will of John A. O'Brien, deceased; (d) The settlement of questions and controversies between the Administrators and Patricia R. Smith, with respect to any claims that she makes against the Administrators; and (e) The recovery from Patricia R. Smith of any sum, or sums, necessary to pay (i) the Administrators' compensation, (ii) the fees for their counsel, and (iii) expenses of administration, and for which the balance of the Estate's funds in the hands of the Administrators is insufficient;

"(2) The evidence with respect to the Administrators' Final Settlement, heard on July 12, December 17, 18, 19, 28, 1951, and January 2, 1952, by and before the Special Commissioner, which was reduced to writing, and, with the vouchers therefor, returned to, and filed in, this Court on January 7, 1952;

"(3) The written Report dated January 5, 1952, and the written Supplemental Report dated January 7, 1952, made by the Special Commissioner, returned by him to the County Court, and endorsed by the Clerk thereof as filed therein at 9:08 A.M. on January 7, 1952; and the confirmation thereof by the Court on January 7, 1952;

"(4) The Order dated January 29, 1952, allowing to A. Scott Hamilton, Special Commissioner, $2,000 as his fee as Special Commissioner, and to be taxed as a part of the court costs incident to this proceeding;

"(5) Patricia R. Smith's Motion filed January 31, 1952, (a) To set aside the Court's Order of January 7, 1952, confirming the written Report and Supplemental Report of the Special Commissioner; and (b) To extend the time to April 4, 1952, to file Exceptions to the 'so-called Final Settlement of this Estate and to the Commissioner's Report and Supplemental Report filed herein on January 7, 1952'; and the Court's Order thereon, and entered herein, dated January 31, 1952;

"(6) The Exceptions filed March 3, 1952, by Messrs. Oldham Clarke and Irvin Marcus (on behalf of their respective firms), to so much of the Special Commissioner's Report as allowed them only $10,000 for their services to the Administrators;

"(7) Patricia R. Smith's various objections, protests, and motions for postponements and for extensions of time, [A] In which (i) 'to file her exceptions and answer, or plead herein', and the affidavits filed in support thereof containing an express promise therein that 'if given time [to] proceed with diligence and dispatch to prepare exceptions * * * and file same in this settlement'; (ii) 'to plead or file her exceptions and an answer herein' (July 3, 1950); and (iii) 'for the filing of exceptions and objections and answer thereto' (August 7, 9, September 8, 1950); [B] Motion to strike, objections, motion for reconsideration, and motion to require 'that time be extended for the filing of exceptions and objections, and answer' (August 22, September 1, 8, 1950); [C] Orders of this Court that the Settlement filed by the Administrators 'is a Final Settlement of their Accounts as Co-Administrators' (September 8, 1950), and that Patricia R. Smith's Objections and Motions be overruled, and she be given Exceptions thereto (September 8, 1950); and [D] Patricia R. Smith's Motion that no proof be heard (July 12, 1951); her objections to Hearing of Settlement (December 17, 1951);

her Motion to Quash Return and Summons to testify (December 28, 1951); her Motion to set aside Special Commissioner's Report and Supplemental Report (January 31, 1952); and her Motion 'to extend the time * * * to file exceptions to the so-called final settlement of the estate and to the Commissioner's Report and Supplemental Report thereon' (January 31, 1952); and

"The various Orders entered thereon by this Court, and by the United States District Court for the Western District of Kentucky [in Mrs. Smith's removal of this proceeding from the Jefferson County Court to the District Court of the United States for the Western District of Kentucky], to the end that former interlocutory orders of this Court, if found to be inadvertent or erroneous, could still be corrected before Final Judgment is entered in the Settlement of the John A. O'Brien Estate;

"The Court being advised;

"It is now ordered, adjudged and decreed, as follows, to-wit:

"First: The Special Commissioner's Report and Supplemental Report, filed on January 7, 1952, were laid over for Exceptions, not only until the first day of the next Term of Court following their filing, to-wit: Monday, February 4, 1952, but, upon the Motion of Patricia R. Smith, she was given until March 3, 1952, to file Exceptions to the Special Commissioner's Settlement of the Accounts of the Administrators; and the case was continued to March 3, 1952, for that purpose.

"On March 3, 1952, herein 'to be known as the date of hearing', Patricia R. Smith did not file any Exceptions, but Messrs. Oldham Clarke and Irvin Marcus filed Exceptions on behalf of their respective firms; and the case was passed to March 4, 1952, upon which date the entire case came on for hearing, and was heard by the Court.

"Second: The Exceptions filed by Messrs. Oldham Clarke and Irvin Marcus (on behalf of their respective firms), to so much of the Special Commissioner's Report as recommended only $10,000 be paid to them for their services, be, and the same hereby are, sustained; and they are allowed the sum of $15,000 as compensation for their services to the Administrators during the period March 12, 1937, to June 20, 1950.

"Third: The Special Commissioner's Report and Supplemental Report [except as modified in Paragraph Second of this Judgment], with all the evidence heard by him and the vouchers filed by the Administrators, be, and the same hereby are, approved and confirmed; are adopted as this Court's Settlement of the Accounts of the Administrators; and are ordered to be recorded in the records of this Court.

"Fourth: The legacies given by John A. O'Brien in his Will of July 1, 1933 (a) of $1,000 to the College of Arts & Sciences of Georgetown University, of Washington, D. C., and (b) of $5,000 to the Catholic Bishop of the Diocese in which he was living at the time of his death, have been paid in full; and the Administrators are released and discharged from any liability to pay those legacies, or either of them, or any part thereof.

"Fifth: The compensation to the Administrators for their services in administering the John A. O'Brien Estate, and the fees for the legal services of Messrs. Allen, McElwaine, Dinning & Clarke, Davis, Boehl, Viser & Marcus, and Bullitt, Dawson & Tarrant, and of A. Scott Hamilton, Special Commissioner, be, and the same hereby are, fixed at the following sums set opposite their respective names, and those sums are hereby allowed to them.

"The Administrators are authorized and directed to pay to them (out of the assets of the John A. O'Brien Estate) such sums, which are hereby allowed in the Settlement of the Administrators' Accounts, to-wit:

"The Louisville Trust Company and Citizens Fidelity Bank & Trust Company, Joint Administrators with the Will Annexed of the Estate of John A. O'Brien, deceased .................. $23,756.98
Oldham Clarke and Irvin Marcus, for the benefit of their respective law firms (Allen, McElwaine, Dinning & Clarke, and Davis, Boehl, Viser & Marcus) ............................ 15,000.00
Bullitt, Dawson & Tarrant, and Davis, Boehl, Viser & Marcus, 35,000.00
A. Scott Hamilton, Special Commissioner .................... 2,000.00

"Sixth: Patricia R. Smith has no claim against the Administrators in either their individual capacities or in their capacities as Joint Administrators, for or on account of the sale of John A. O'Brien's partnership interest in E. J. O'Brien & Co., by the Compromise Settlement Agreement of November 5–15, 1935, or for, or on account of, the Administrators' action in approving that Agreement and their acts and transactions in performance of the terms thereof; which acts are hereby specifically approved and confirmed.

"Seventh: The Administrators, **The** Louisville Trust Company and Citizens Fidelity Bank & Trust Company, Joint Administrators with the Will Annexed of the Estate of John A. O'Brien, deceased, shall recover from Patricia R. Smith, beneficiary under the Will of John A. O'Brien, deceased, and she shall pay to them, for the benefit of the following persons, the sums set opposite their respective names:

| | |
|---|---:|
| "The Louisville Trust Company and Citizens Fidelity Bank & Trust Company, Joint Administrators with the Will Annexed of the Estate of John A. O'Brien, deceased | $23,756.98 |
| Oldham Clarke and Irvin Marcus, for the benefit of their respective law firms (Allen, McElwaine, Dinning & Clarke and Davis, Boehl, Viser & Marcus) | 15,000.00 |
| Bullitt, Dawson & Tarrant and Davis, Boehl, Viser & Marcus | 35,000.00 |
| A. Scott Hamilton, Special Commissioner (This sum to be taxed as a part of the court costs incident to this proceeding) | 2,000.00 |

which sums will be credited by such amount of money as may remain in the hands of the Administrators after the discharge of the debts of the Estate, and the payment of any further taxable costs of this action.

"Eighth: The Accounts of the Administrators be, and the same hereby are, confirmed and approved in all respects. The Estate of John A. O'Brien, deceased, be, and the same hereby is, finally settled. The Administrators be, and hereby they are, discharged and released from any, and all, further liability under their bonds as such."

"2. Amended Judgment [May 1, 1952]

"The balance $28,337.57 of the assets of this Estate in the hands of the Joint Administrators is not sufficient to pay the amounts heretofore allowed for the compensation to the Administrators, to their counsel, and the taxable costs herein, as set out in Paragraphs Fifth and Seventh of the Judgment entered herein on March 5, 1952.

"The Administrators have paid to Patricia O'Brien Smith, the principal legatee, devisee, distributee, and beneficiary under the Will of John A. O'Brien, deceased, an undue proportion of her demand, and more than all of her share of any legacy under the Will of John A. O'Brien, deceased, or any interest she may have therein, under a mistake as to the solvency of the John A. O'Brien Estate, or otherwise.

"Now, therefore, it is hereby ordered and adjudged that Paragraph Eighth of the Judgment entered herein on March 5, 1952, be, and it is, now and hereby modified and amended to read as follows:

" 'Eighth: The accounts of the Joint Administrators be, and hereby they are, approved and confirmed, in all respects.

" 'The Estate of John A. O'Brien, deceased, be, and the same hereby is, finally settled.

" 'The Joint Administrators be, and hereby they are, authorized and empowered to sue, and to take any and all steps necessary or proper to recover from Patricia O'Brien Smith (1) All the amounts adjudged against her in Paragraph Seventh of this Judgment; and (2) Any and all additional amounts constituting any over-payment by the Joint Administrators to the said Patricia O'Brien Smith, which aggregate amounts so recovered shall be sufficient for the Joint Administrators to pay in full all obligations of the Joint Administrators and of the Estate, as authorized in Paragraphs Fifth and Seventh of this Judgment.'

"May 1, 1952

"Boman L. Shamburger,
"Judge."

■ Under Kentucky Law there are two ways to challenge the settlement of the final account of an administrator. It must be done by appeal if the person challenging has taken part in the proceeding leading to the approval of the account. Bell v. Henshaw's Ex'rs, 1891, 91 Ky. 430, 15 S.W. 3; Dees' Adm'r v. Dees' Ex'r, 1933, 249 Ky. 650, 61 S.W. 2d 301; Caplinger v. Pritchard, 1910, 136 Ky. 349, 124 S.W. 352. If the challenging party has not participated in the proceeding leading to the judgment settling the final account then the account may be surcharged at any time within five years in an appropriate action. § 413.120 K.R.S.

The judgment approving the final account as stated above was entered on March 5, 1952, it was amended on May 1, 1952.

We must determine whether the defendant had a right to surcharge the account of the administrators after final approval or whether her remedy was by appeal. It appears from the record that the defendant participated, to a substantial extent, in the proceeding leading to approval of the final account by using every remedy available to prevent the consideration and determination of the final account filed by the plaintiff administrators, including the filing of a mandamus action in the Court of Appeals of Kentucky, Smith v. Shamburger, 1951, 314 Ky. 850, 238 S.W.2d 844. In disposing of the mandamus action the Court of Appeals of Kentucky at page 848 of 238 S.W.2d, stated as follows:

"In petitioner's argument in her briefs, the fact is disclosed that there are two litigations relative to the O'Brien estate pending in the Jefferson Circuit Court: (1) A settlement suit, filed April 21, 1949, and (2) an appeal from the County Court, filed May 26, 1946. The appeal is from an order of Hon. Horace M. Barker, former judge of Jefferson County Court, directing the Co-Administrators to settle the estate. There has been no final disposition of either of these cases. It would seem, however, that the filing of the accounting of the Co-Administrators in the County Court bestows upon the latter complete jurisdiction to finally determine all issues now in dispute. If those items now the subject of controversy had been liquidated in advance of the filing of the accounting, and we believe this should have been done, then in truth and in fact the accounting would have been a final settlement.

"Admitting, for the sake of argument, but by no means concluding that the County Court is acting erroneously in this case, it cannot be said that petitioner will suffer irreparable damage, or any damage, as a result of any order entered by or about to be made by the County Court. However, assuming that certain errors have been or will be committed by the County Court in winding up this estate, *petitioner can obtain adequate relief therefrom by an appeal to the Circuit Court.*" (Emphasis supplied.)

From the above language it would appear that the Court of Appeals was satisfied that the defendant beneficiary should be left to her remedy by appeal in her challenge to the final account filed by the administrators.

After the Court of Appeals determined the mandamus action, supra, defendant attempted to remove the probate proceeding to this Court. This Court remanded the settlement proceedings to the Jefferson County Court. Thereafter, and on January 31, 1952, the defendant filed a petition for an extension of time in which to file exceptions to the final settlement of John A. O'Brien, deceased. No exceptions were actually filed and on March 5, 1952, the Jefferson County Court entered its final judgment approving the final settlement, and on May 1, 1952, its amended judgment.

In connection with the claim of fraud arising out of the compromise settlement of November, 1935, the Jefferson

County Court disposed of this issue in its judgment as follows:

"Sixth: Patricia R. Smith has *no* claim against the Administrators in either their individual capacities or in their capacities as Joint Administrators, for or on account of the sale of John A. O'Brien's partnership interest in E. J. O'Brien & Co., by the Compromise Settlement Agreement of November 5–15, 1935, or for, or on account of, the Administrators' action in approving that Agreement and their acts and transactions in performance of the terms thereof; which acts are hereby specifically approved and confirmed."

No appeal was taken from this final judgment.

■ While we recognize that under Rule 15, Fed.Rules Civ.Proc. 28 U.S.C.A., the right to amend should be freely extended, Robbins v. Jordan, 1950, 86 U.S. App.D.C. 304, 181 F.2d 793; Kerrigan's Estate v. Joseph E. Seagram & Sons, 3 Cir., 1952, 199 F.2d 694; Fli-Fab, Inc. v. United States, D.C.R.I.1954, 16 F.R.D. 553, nevertheless this right should not be extended to a litigant when the amendment asserts no claim nor defense cognizable by the Court in which the case is pending, Stephens v. Reed, 3 Cir., 1941, 121 F.2d 696; Overfield v. Pennroad Corp., D.C.Pa.1941, 39 F.Supp. 482; American Securit Co. v. Shatterproof. Glass Corp., D.C.Del.1958, 166 F.Supp. 813, affirmed 3 Cir., 268 F.2d 769, certiorari denied 361 U.S. 902, 80 S.Ct. 210, 4 L.Ed.2d 157. See also Laughlin v. Garnett, 1944, 78 U.S.App.D.C. 194, 138 F.2d 931, certiorari denied 322 U.S. 738, 64 S.Ct. 1055, 88 L.Ed. 1572.

■ This Court is completely satisfied that the defendant took part in and participated in the settlement of the final account within the meaning of the Kentucky law. Logan's Adm'rs v. Troutman's Ex'r, 1820, 3 A.K.Marsh. 66, 10 Ky. 66; Bell v. Henshaw's Ex'rs, 1891, 91 Ky. 430, 15 S.W. 3; Turley's Adm'r v. Barnes, 1898, 103 Ky. 127, 44 S.W.

446; Welch v. Lewis et al., 1898, 104 Ky. 531, 47 S.W. 454. She cannot now be permitted to challenge this settlement in this action. Her remedy was by appeal to the Jefferson County Circuit Court, and thereafter, if she desired, to the Court of Appeals of Kentucky. It is not for this Court at this time to review the findings of the County Court of Jefferson County upon which the County Court based its final judgment approving the final settlement filed by the plaintiff administrators.

For the reasons herein stated the Court concludes that the plaintiffs' motion for summary judgment as to the defendant's original counterclaim should be granted. The defendant's motion to amend the counterclaim should be denied. An order may be presented in accordance with the Court's conclusions.